## STATE OF CONNECTICUT *v.* JOSEPH NEVE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 18—decision released December 27, 1977

*Donald D. Dakers,* assistant public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SPEZIALE, J. The defendant, Joseph Neve, was charged in a one-count information with criminal attempt to commit robbery in the first degree, in violation of § 53a-49 of the General Statutes and of

§ 1 (a) (4) of 1975 Public Acts, No. 75-411.[1] A jury returned a verdict of guilty of criminal attempt to commit robbery in the second degree, General Statutes § 53a-135[2] and judgment was rendered on the verdict. The defendant has appealed, claiming error in the court's instruction to the jury that both subsections 2 (a) (1) (referring to aid by another person actually present) and 2 (a) (2) (referring to a deadly weapon or dangerous instrument) of 1975 Public Acts, No. 75-411 (now General Statutes § 53a-135 [a] [1] and [2]) could properly be considered as lesser included offenses of robbery in the first degree as charged in the information.

The attempted robbery took place in the early morning hours of March 17, 1976. Dennis Lentz, a truck driver for Motor Freight Express, Inc., was picking up a "high value load" at the company's terminal in West Haven. Two men, one of whom had what appeared to be a gun, attempted to force

---

[1] Section 1 (a) (4), now General Statutes § 53a-134 (a) (4), reads as follows: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime. . . ."

[2] "[General Statutes] Sec. 53a-135. ROBBERY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of robbery in the second degree when he commits robbery and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument. (b) Robbery in the second degree is a class C felony."

him out of the cab of his trailer, but they fled when he called for help on his radio. The defendant and two companions were arrested shortly thereafter by state police on Interstate 95 in Norwalk.

The defendant was tried separately from his two companions. The information charged him with one count of: "Criminal Attempt to Commit Robbery in the First Degree . . . that at the Town or City of West Haven on or about the 17th day of March, 1976, the said Joseph Neve, Joseph Cusumano and John Collins, who were actually present and acting with the kind of mental state required for the commission of the offense, did attempt to commit a robbery of Dennis Lentz and in the course of the commission of the Attempted Robbery the said Joseph Neve or another participant did display a firearm in violation of Section 1 (a) (4) of Public Act 75-411 and 53a-49 of the General Statutes." At the close of the evidence presented by the state, the court ruled that the charge of attempted robbery in the first degree was inappropriate because the specific section charged contained an "affirmative defense" clause which violated the principle of *Mullaney* v. *Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975).[3] The court then instructed the jury on the lesser included charge of attempted robbery in the second degree.

[3] Briefly, the principle set forth in *Mullaney* v. *Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), is that the state has the burden of proving beyond a reasonable doubt every fact necessary to constitute the offense charged; therefore, the state cannot create a presumption that one of the elements is met and then require the defendant to negate that element by pleading an affirmative defense.

The portion of § 53a-134 which the trial court found in violation of this principle sets forth that "in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged." See footnote 1.

The sole basis of the defendant's appeal to this court is that the trial court erred in not limiting its instructions on the lesser included offense to § 53a-135 (a) (2), that portion of the statute which refers to a deadly weapon or dangerous instrument. The objected to portion of the charge, § 53a-135 (a) (1), refers to aid "by another person actually present." The defendant contends that § 53a-135 (a) (1) is not a lesser included offense of the offense actually charged in the information.

"The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, *in the manner described in the information* or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime." (Emphasis added.) *State* v. *Sylvester Brown,* 163 Conn. 52, 61, 301 A.2d 547 (1972); *State* v. *Troynack,* 174 Conn. 89, 97, 384 A.2d 326 (1977); *State* v. *Irvin Brown,* 173 Conn. 254, 258, 377 A.2d 268 (1977); *State* v. *Ruiz,* 171 Conn. 264, 272, 368 A.2d 222 (1976); *State* v. *Blyden,* 165 Conn. 522, 529, 338 A.2d 484 (1973). In this case no bill of particulars was requested, so inquiry is restricted to the wording of the information. The information made explicit reference to "Joseph Neve, Joseph Cusumano and John Collins, who were actually present and acting with the kind of mental state required for the commission of the offense." It would thus have been impossible for the defendant to have committed the greater offense of attempted robbery in the first degree "in the manner described in the information" without being "aided by another person actually present." Therefore, it was proper to instruct the jury that

§ 53a-135 (a) (1), robbery in the second degree aided by another person actually present, should be considered as a lesser included offense.

There is no error.

In this opinion the other judges concurred.