**Maurice HOWARD, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

March 5, 1979.

W. Walker Gwinn, Chief Appellate Counsel, Edward G. Thompson, Shelby County Public Defender, Memphis, for petitioner.

Charles L. Lewis, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for respondent.

COOPER, Justice.

## OPINION

The petition for certiorari was granted in this case so that we might consider whether it is error for the trial judge to refuse to charge the jury on criminal trespass upon the trial of an indictment for third degree burglary, where the proof is susceptible to the inference that the lesser offense had been committed.

As background, the petitioner was brought to trial on an indictment for third degree burglary, which charged that he broke into and entered a school building with the intent to steal. At the close of the proof, counsel for the petitioner requested that the jury be instructed concerning the offense of criminal trespass.[1] The trial judge refused. Subsequently, the petitioner was convicted of an attempt to commit a felony. On appeal, the Court of Criminal Appeals affirmed.

The petitioner's claim of error is grounded upon his belief that a defendant is entitled, on request, to an instruction on any offense that is made out in proving the indicted offense. This rule has been adopted, with variations, in several jurisdictions. *See, e. g., People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974); *State v. Boyenger*, 95 Idaho 396, 509 P.2d 1317 (1973); *United States v. Whitaker*, 144 U.S.App.D.C. 344, 447 F.2d 314 (1971). We do not think it would be appropriate for us to follow these courts on this question, even assuming it would be possible for us to construe the applicable statutes so as to permit us to do so.[2] The adoption of such a rule would permit the defendant to request instructions on various offenses not described in the indictment, offenses that could not be charged at the request of the state, for the latter would be restrained by the constitutional requirement that a defendant be given notice of the offenses with which he is charged. *See* Tennessee Constitution Article 1 § 14. While we most emphatically do not embrace the "sporting theory" of criminal justice, we believe that, in this instance, justice

---

1. Criminal trespass is *now* made an offense by statute, T.C.A. § 39–5305.

2. In pertinent part those statutes provide:
   T.C.A. § 40–2518: It shall be the duty of all judges . . . in cases of criminal prosecutions . . . to charge the jury as to all the law of each offense included in the indict-

ment, without any request on the part of the defendant to do so.
   T.C.A. § 40–2520: . . . [T]he defendant may . . . be found guilty of any offense the commission of which is necessarily included in that with which he is charged . . . .

would be better served by a rule that more evenly balanced the rights of the defense and the prosecution than would that advanced by the petitioner. In particular, we are concerned that, if the petitioner's theory is adopted, trial judges will receive "requests for instructions limited only by the imagination and ingenuity of the defendant," to the ultimate confusion of the jury and frustration of the judicial process. *State v. Washington*, 273 Or. 829, 543 P.2d 1058 (1975).

Other jurisdictions whose relevant statutes are similar to our own that have addressed this problem have, in general, adopted two positions in addition to the one described above. A number hold that an offense is necessarily included in, or a lesser included offense of,[3] the indicted offense only if it is logically impossible to commit the indicted offense without committing the lesser offense, under any set of facts that might be imagined. *See, e. g. State v. Arnold*, 223 Kan. 715, 576 P.2d 651 (1978); *State v. Redmon*, 244 N.W.2d 792 (Iowa 1976); *State v. Leeman*, 291 A.2d 709 (Me. 1972); *Raymond v. State*, 55 Wis.2d 482, 198 N.W.2d 351 (1972). Others hold that an offense is included in another if it is impossible to commit the greater offense in the manner in which that offense is set forth in the indictment without committing the lesser. *See, e. g., Christie v. State*, 580 P.2d 310 (Alaska 1978); *State v. Neve*, 174 Conn. 142, 384 A.2d 332 (1977); *People v. St. Martin*, 1 Cal.3d 524, 83 Cal.Rptr. 166, 463 P.2d 390 (1970); *State v. Magai*, 96 N.J.Super. 109, 232 A.2d 477 (1967).

■ This State has yet to adopt a definitive position on this question, although a number of decisions have used language, or reached results, that are consistent with one or the other of the two approaches just discussed. *See, e. g., Wright v. State*, 549

S.W.2d 682 (Tenn.1977); *Spencer v. State*, 501 S.W.2d 799 (Tenn.1973); *Johnson v. State*, 217 Tenn. 234, 397 S.W.2d 170 (1965). We believe that the better rule, and the one to be followed henceforth in this State, is the rule adopted implicitly by this court in *Wright v. State, supra,* that, in this context,[4] an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser. If there is evidence to support a conviction for such a lesser offense, it must be charged by the trial judge. T.C.A. § 40–2519; *Whitwell v. State*, 520 S.W.2d 338 (Tenn.1972).

■ Applying that rule to the instant case, it is apparent that the trial judge was correct in not instructing the jury concerning the crime of criminal trespass, for an element of that crime—that the defendant's conduct be a breach of the peace—was not alleged in the indictment in the course of setting forth the elements of third degree burglary. Accordingly, the defendant's conviction is affirmed.

FONES, BROCK and HARBISON, JJ., concur.

HENRY, C. J., dissents.

HENRY, Chief Justice, dissenting.

Because the majority misconstrues our recent holding in *Wright v. State*, 549 S.W.2d 682 (Tenn.1977) and then proceeds to misapply its own construction, I must dissent.

The majority asserts:

We believe that the better rule, and the one to be followed henceforth in this State, is the rule adopted implicitly by this court in *Wright v. State, supra,* that, in this context, *an offense is necessarily included in another if the elements of the*

---

3. Some commentators have sought to distinguish between "necessarily included" and "lesser included" offenses. *See* 8 Moore, Federal Practice § 31.03. However, for the most part, any such distinction has been ignored by the courts. *See Olais-Castro v. United States*, 416 F.2d 1155 (9th Cir. 1969); *State v. Washington*, 20 Or.App. 350, 531 P.2d 743 (1975).

4. It should be noted that this definition of included offenses is not necessarily that used in the analysis of double jeopardy claims, as the rights involved are not the same. *Compare State v. Black*, 524 S.W.2d 913 (Tenn.1975).

*greater offense, as those elements are set forth in the indictment, include, but are not coextensive with, all the elements of the lesser.* (Emphasis supplied)

This is 180 degrees removed from our holding in *Wright,* wherein we actually adopted the evidentiary test for determining what constitutes a lesser included offense. *Sub silentio* we rejected the *statutory* test which is roughly equivalent to the criteria quoted from the majority opinion. We held:

The true test of which is a lesser and which is a greater crime is whether the elements of the former are completely contained within the latter, so that to *prove* the greater the State must first *prove* the elements of the lesser. (Emphasis supplied) 549 S.W.2d at 685–86, quoting from *Johnson v. State,* 217 Tenn. 234, 243, 397 S.W.2d 170, 174 (1965).

It is a matter of *proof* and not the contents of the indictment.

In reaching this conclusion we were careful to point out that we were dealing with a shoplifting case and that proof was necessarily considered in making the lesser included offense determination. It is evident from a careful reading of *Wright* that every larceny would not necessarily embrace or include shoplifting but, we said:

it would be utterly impossible to make out a case of petit larceny of merchandise from a retail mercantile establishment without establishing shoplifting. 549 S.W.2d at 685.

Thus, we applied the *evidentiary* test, rejecting the statutory test of *Yearwood v. State,* 2 Tenn.Cr.App. 552, 455 S.W.2d 612 (1970), as applied by the *Yearwood* Court. We pointed out that:

proof of larceny of merchandise from a retail establishment perforce of necessity involves proof of the essential elements of shoplifting. 549 S.W.2d at 686.

Under the statutory test the elements of the two offenses, as reflected in the respective statutory provisions, are considered in the abstract, wholly apart from the facts established by the proof.

When we apply the statutory test to the instant case it becomes clear that criminal trespass [1] is not a lesser included offense to the crime of third degree burglary. The elements of third degree burglary are breaking and entering with felonious intent. § 39–904, T.C.A. The elements of criminal trespass are a forceable and unlawful entry constituting or calculated to constitute a breach of the peace.

But when we apply the evidentiary test we may get an entirely different result.

In the context of this case, wherein petitioner threw a brick through a schoolhouse window and thus gained entry into the building, the elements of criminal trespass are fully satisfied as are the elements of burglary. Therefore, applying the evidentiary rule, criminal trespass was a lesser included offense.

It is true that burglary does not necessarily include criminal trespass, in all cases, because entry by force and violence sufficient to create or tend to create a breach of the peace is not a requirement of burglary. Thus every burglary need not include criminal trespass and every criminal trespass is not *per se* burglary. However, every burglary committed "with force amounting to a breach of the peace . . . [or] calculated to produce a breach of the peace" necessarily encompasses and includes criminal trespass.

In the context of this case, and applying the *Wright* rule, the right result is that petitioner was guilty of third degree burglary or criminal trespass. It was for the jury to say which; but only after being charged as to these options.

I deplore the statement in the majority opinion that trial judges will receive "requests for instructions limited only by the imagination and ingenuity of the defend-

1. Criminal trespass is defined in § 39–5305: It is declared to be a misdemeanor for any person to unlawfully enter upon the premises of another, and against his consent, with force amounting to a breach of the peace, or such as is calculated to produce a breach of the peace.

ant." I have an abiding confidence in the trial bench and bar. Criminal defense lawyers and trial judges know that the charge, to include special requests, is circumscribed by the proof. The suggestion made by the majority is a reflection on the trial bench and bar and is unsupported and unsupportable.

The majority opinion, immediately after giving an incorrect construction of the holding in *Wright*, asserts:

> If there is *evidence* to support a conviction for such a lesser included offense, it must be charged. (Emphasis supplied)

Amen! That is what this dissent is all about. There was such evidence.

Applicable statutory and decisional law required that criminal trespass be charged in this case. Section 40–2518, T.C.A., provides:

> It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of *each offense included in the indictment*, without any request on the part of the defendant to do so.

Section 40–2520, T.C.A., in pertinent part provides:

> Upon an indictment for any offense consisting different degrees, . . . the defendant may . . . be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor.

In *State v. Staggs*, 554 S.W.2d 620 (Tenn. 1977), we quoted with approval from *Strader v. State*, 210 Tenn. 669, 682, 362 S.W.2d 224, 230 (1962):

> He had the right to have all the law as to these different grades of offenses explained to the jury, in order that they might apply the law in determining whether he was guilty of any one or none of such offenses. He had this right because the statute (T.C.A., Sec. 40–2518) gave it to him, and because it was *a part of his constitutional right of trial by jury to have every issue made by the evidence tried and determined by the jury under a correct and complete charge of the law given by the judge.* (Emphasis supplied) 554 S.W.2d at 626.

In considering this duty to charge, our courts have consistently applied an *evidentiary* test, i. e., there is no duty to instruct on a lesser included offense where there is no evidence to support such a charge. *See, State v. Staggs, supra; State v. Mellons,* 557 S.W.2d 497 (Tenn.1977); *Whitwell v. State,* 520 S.W.2d 338 (Tenn.1975); *Carmon v. State,* 512 S.W.2d 595 (Tenn.Cr.App. 1974).

I also would note that the Model Penal Code adopts the evidentiary test. Section 1.07(4)(a) states that an offense is a lesser included offense when "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." The Comment in Tent. Draft No. 5, p. 40 (1956), characterizes this rule as the "majority view."

Here the evidentiary test was met and the charge should have been given.

I would reverse and remand for a new trial.