STATE of Tennessee, Appellee,

v.

Charles Lee RICHARDS, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 27, 1981.

Permission to Appeal Denied by Supreme Court April 20, 1981.

Albert J. Newman, Jr., Knoxville, for appellant.

William M. Leech, Jr., State's Atty. Gen., John F. Southworth, Jr., Asst. State's Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Charles Fels, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of burglary in the third degree and sentenced to not less than three (3) nor more than five (5) years in the penitentiary.

The defendant says the evidence is insufficient to support the verdict and says the trial judge should have instructed the jury on the offense of criminal trespass as a lesser included offense.

The judgment is affirmed

On September 7, 1979, officers were notified by a security system of a possible burglary at a business named Professional Leasing Company, Inc. The officers went to the location and found the defendant inside the business. An inspection of the building revealed a window had been broken.

The defendant gave a statement in which he said he broke the window to enter the building and was going to drive a vehicle away in order to remove the wheels therefrom. It was his intent to sell the wheels.

The defendant's attack upon the evidence must obviously fail in view of the evidence of his guilt. The evidence supports the finding of guilt beyond a reasonable doubt. Rule 13(e), T.R.A.P.

Contrary to the defendant's claim, criminal trespass is not inherently a lesser included offense of burglary. *See Howard v. State*, 578 S.W.2d 83 (Tenn.1979). There is no evidence in the case requiring such a charge. Moreover, the defendant's statement shows he entered the building with the intent to commit larceny. A charge on criminal trespass would have been ludicrous.

WALKER, P. J., and DWYER, J., concur.