# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### JULY SESSION, 1998

**FILED**

September 15, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,    )
    )   No. 01C01-9709-CR-00397
      Appellee    )
    )
vs.    )   DAVIDSON COUNTY
    )
    )   Hon. Thomas H. Shriver, Judge
GREGORY COULSON,    )
    )   (Disorderly Conduct)
      Appellant    )

For the Appellant:

**David E. High**
227 Second Avenue, North
First Floor
Nashville, TN  37201

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Daryl J. Brand**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

**Victor S. (Torry) Johnson III**
District Attorney General

**Mary Campbell**
Asst. District Attorney General
Washington Square, Suite 500
222-2nd Avenue North
Nashville, TN  37201-1619

OPINION FILED: _____

REVERSED AND DISMISSED

**David G. Hayes**
Judge

## OPINION

The appellant, Gregory Coulson, appeals as of right his conviction in the Davidson County Criminal Court for the misdemeanor offense of disorderly conduct. Following a bench trial, the appellant was sentenced to thirty days in jail, all of which was suspended, and was assessed a fine of fifty dollars. The appellant's sole issue on appeal is whether a defendant who proceeds to trial upon a charge of misdemeanor assault may be convicted of disorderly conduct.

For the reasons discussed below, the judgment of conviction is reversed and dismissed.

The question of whether one charged with misdemeanor assault can be convicted of disorderly conduct turns not upon the proof in the case but upon a question of law. Although it is unnecessary to fully develop the facts of this case, a brief procedural and factual history is helpful to facilitate review.

In observance of a red traffic light at the intersection of Sawyer Brown and Old Harding Roads, motorist Danielle Stocks slowed her vehicle before coming to a stop at the intersection. Before Mrs. Stocks initiated her turn onto Old Harding Road, the driver of the vehicle behind her, the appellant, began beeping his horn and "tapped [her car] on [the] back . . . bumper." Mrs. Stocks immediately got out of her car to see if any damage had occurred. Mrs. Stocks testified that, at this point, the appellant yelled "Get out of my way Bitch," put his car in reverse, then he put it in drive," forcing Mrs. Stocks to jump out of the way of his moving vehicle. Mrs. Stocks got his license plate number as he drove away. On the following Monday, Mrs. Stocks telephoned the appellant at work explaining that "I thought that I could talk with [him] and see if . . . I could get an apology from him to see what was going on."

When asked how she got his telephone number, Mrs. Stocks informed the appellant that her husband was a Metro police officer.

Five days after the incident, Mrs. Stocks signed an affidavit of complaint and a warrant issued charging the appellant with felony reckless endangerment. On October 29, 1996, the appellant waived his right to be tried by indictment and his right to a jury trial. The case proceeded to trial in General Sessions Court upon the misdemeanor charge of reckless endangerment. At trial, the appellant denied making contact with Mrs. Stocks' vehicle, denied attempting to harm her, and, in effect, contradicted almost all of Mrs. Stocks testimony. He did admit, however, that after "the light changed to green and [her[ car did not move . . . after four five or six seconds . . . I blew the horn." At this trial, the appellant was found not guilty of reckless endangerment but was found guilty of the "amended charge of assault," which he appealed to the Criminal Court.[1] On March 31, 1997, the appellant's case proceeded to trial in the Davidson County Criminal Court. At the conclusion of the bench trial, the trial court found that the State had failed to prove an assault. However, the court did find the appellant guilty of disorderly conduct, a class C misdemeanor.

The controlling question of law is whether disorderly conduct is a lesser offense of misdemeanor assault. The Sixth Amendment requires that the State inform the accused "of the nature and cause of the accusation against him." U.S. Const. amend VI. Thus, in order to comport with the constitutionally guaranteed notice requirement, a defendant may only be convicted of an offense which is a lesser included or lesser grade of the greater offense charged in the indictment. See State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996); see also Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 418-419 (1932).

_____

[1]The record does not explain the manner in which the charge was amended or when it was amended.

3

Although the State concedes that disorderly conduct is not a lesser included offense of assault[2] as defined in Tenn. Code Ann. § 39-13-101(1991), the State urges this court to adopt a pleadings, or charging instrument, approach for offenses not charged by indictment. Specifically, the State argues that, since the "degree of strictness required of a felony indictment is not required of a warrant charging a misdemeanor," the affidavit of complaint in the present case contains sufficient language to encompass the offense of disorderly conduct and, thus, the appellant was on notice to defend upon the crime for which he was convicted.

In State v. Howard, 578 S.W.2d 83, 86 (Tenn. 1979), Chief Justice Henry acknowledged, in his dissent, the existence of three approaches for determining lesser offenses, *i.e.*, (1) the statutory approach, (2) the pleadings, or charging instrument, approach, and (3) the evidentiary approach.[3] "Under the statutory test the elements of the two offenses, as reflected in the respective statutory provisions, are considered in the abstract, wholly apart from the facts established by the proof." Howard, 578 S.W.2d at 86 (Henry, C.J., dissenting). See also Comments, MODEL PENAL CODE § 1.07 (1985). In other words, under the statutory approach, in order to warrant a charge on a lesser included offense, the lesser offense must be included within the proof necessary to establish the offense charged. However, under a pleadings, or charging instrument, approach, a lesser offense may be included in the greater if the language in the charging instrument, *i.e.*, the arrest warrant or the indictment, sets forth the elements of the lesser offense even though under the statutory definitions it would be possible to commit the greater offense without committing the lesser. See Howard, 578 S.W.2d at 86 (Henry, C.J., dissenting);

---

[2]Although the offense charged in the warrant is reckless endangerment, both parties acknowledge that this charge was amended to misdemeanor assault.

[3]Under an evidentiary approach, the proof, not the contents of the indictment, establish the elements of the lesser included offense. Howard, 578 S.W.2d at 87 (Henry C.J., dissenting); Comments, MODEL PENAL CODE § 1.07. This standard was expressly rejected in Trusty. Moreover, we note that this standard would most likely not survive a "notice" challenge under the Sixth Amendment.

4

Comments, MODEL PENAL CODE § 1.07.

The pleadings approach was tacitly rejected by our supreme court in Trusty. Indeed, the supreme court, implicitly adopting the statutory approach, concluded:

> [D]efendants are entitled to jury instructions on all lesser included offenses as defined in Howard and on all offenses which are a lesser grade or class of the charged offense, if the evidence would support a conviction for the offense. The authorizing statute and rule ensure that each defendant has fair and reasonable notice of the charges and an opportunity to defend against them. It preserves a defendant's right to an instruction on all lesser offenses necessarily included in the offense charged in the indictment. . . .

Trusty, 919 S.W.2d at 311 (emphasis added). We can find no reason to adopt a different standard for offenses initiated by warrant from those initiated by indictment. The constitutional requirement of notice for the accused who is tried upon an arrest warrant is no different than for the accused who is tried by way of indictment. Thus, we adhere to the statutory approach in determining whether an offense is a lesser offense of the charged offense.

After review, we find the appellant's position well-taken. Both parties concede and we agree that the offense of disorderly conduct is neither a lesser grade nor a lesser included offense of assault. Compare Tenn. Code Ann. § 39-13-101 with Tenn. Code Ann. § 39-17-305 (1991). In view of this state's adoption of the "statutory approach" for determining lesser offenses, we conclude that the appellant's conviction for disorderly conduct is infirm. The judgment of the trial court is reversed and the appellant's conviction is dismissed.

_____
DAVID G. HAYES, Judge


CONCUR:



_____
PAUL G. SUMMERS, Judge



_____
JERRY L. SMITH, Judge