FILED

March 22, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**

**STATE OF TENNESSEE,**
      **Appellee,**

**V.**                            **CCA No. 03C01-9704-CR-00144**

**HARVEY PHILLIP HESTER**,
      **Appellant.**

**CONCURRING OPINION**

I concur in Judge Wade's articulate opinion. However, this resolution of the lesser-included offense issue is at odds with the opinion of a panel of this court in State v. David Michael Gamble, No. 03C01-9812-CR-00442 (Tenn. Crim. App., Knoxville, Jan. 21, 2000), and I write separately in order to address the conflict in the two opinions.

In David Michael Gamble, the defendant was charged with theft via an indictment which alleged,

> [theft of] a 1990 Freightline tractor, trailer and sixty-five (65) assorted pieces of La-Z-Boy furniture, valued at over $60,000, belonging to Volunteer Trucking without the owner's effective consent and with the intent to deprive the owner of said property, in violation of Tennessee Code Annotated [section] 39-14-103, against the peace and dignity of the State.

Id., slip op. at 8. The evidence showed that Gamble "picked up the loaded truck and trailer as expected, but then spent the next two and a half to three days in Chattanooga instead of delivering the load to Kentucky and Ohio as obligated." Id. This court ruled that, although the state proved that Gamble exercised control over the truck and its contents without the owner's effective consent, the evidence was insufficient to show that Gamble intended to deprive the owner of the property. Id., slip op. at 9. Even though the court vacated the theft conviction, it imposed a conviction for unauthorized use of a vehicle, commonly

1

known as joyriding. See Tenn. Code Ann. § 39-14-106 (1997); id., slip op. at 14. In reaching this conclusion, the court concluded that the offense of unauthorized use of a vehicle is a lesser-included offense of theft. Id., slip op. at 13.

The David Michael Gamble court reached this conclusion despite its determination that, "because the unauthorized use of a vehicle statute contains the *additional element* of the taking of a vehicle, as opposed to just the taking of any property, it does not satisfy part (a) of the Burns test, which requires that all of the statutory elements of the lesser offense be included within the statutory elements of the greater." Id., slip op. at 12-13 (italicized emphasis added, other emphases in original). The court reasoned that if a person exercised control over "something other than a vehicle, the person might be guilty of theft, but could never be guilty of unauthorized use of a vehicle."

Rather, the court based its lesser-included offense finding on part (b) of Burns. In so doing, it utilized both components of part (b): "(1) a different mental state indicating a lesser kind of culpability; and[] (2) a less serious harm or risk of harm to the same person, property or public interest." See David Michael Gamble, slip op. at 13; State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999). The court said that the lesser offense met the test of part (b)(1) because the unauthorized user of a vehicle "need not have the intent to deprive the owner of the vehicle." David Michael Gamble, slip op. at 13. The lesser offense met the test of part (b)(2) because, without the intent to deprive the owner of the vehicle, there is "less serious harm or risk of harm to the owner and the property." Id.

In the present case, the relationship of the greater offense to the proposed lesser offense is analogous to the relationship of the greater and lesser offenses in David Michael Gamble. In both cases, the field of activity proscribed by the greater offense is broader than that of the lesser. Theft

2

proscribes the stealing of any kind of property, but "joyriding" may only be committed through the taking or unauthorized use of a vehicle; the murder statutes proscribe the unlawful killing of another through any means whatsoever, but vehicular homicide is committed only when the instrumentality of the killing is a vehicle.

If it is accurate to say, as Judge Welles in David Michael Gamble and Judge Wade in the present case have said, that Burns's part (a) is not serviceable in these cases because the lesser offense requires an element that is not included among the elements of the greater offense, then this determination should have dictated a different part (b) result in David Michael Gamble. Part (b) of Burns requires that in order to be a lesser-included offense, an offense must "fail[] to meet the definition in part (a) *only in the respect* that contains a statutory element or elements establishing" the different mental state indicating a lesser culpability or a less serious harm or risk of harm. Burns, 6 S.W.3d at 466-67 (emphasis added). The David Michael Gamble rationale for utilizing the part (b) analysis to establish the lesser-included offense ignores the presence of the extra element of the taking of a vehicle which defeated the use of part (a). Although it is true that joyriding has a "different mental state indicating a lesser kind of culpability," it is not true that the lesser offense of joyriding fails to meet the subset test of Burns's part (a) "*only in the respect* that it contains a statutory element or elements establishing [the different mental state.]" See id. (emphasis added). The requirement in the joyriding statute that the object of the offense must be a vehicle is not contained as an element in theft and, in and of itself, has nothing to do with the offender's mental state. Likewise, although it is true that joyriding implicates a "less serious harm or risk of harm to the same person . . . [or] property" than does the greater offense of theft, it is not true that the lesser offense fails to meet the part (a) test "*only in the respect*" that it contains an element establishing a less serious harm or risk of harm. Again, the extra element, in and of itself, has nothing to do with the

3

increased harm. Burns's part (b) requires the extra element of the lesser offense to be *operative* in establishing a lesser mental state or lesser harm or risk of harm.

I recognize that at least one basis for harmonizing David Michael Gamble and the present case exists but has not been explored in either opinion. In cases in which the proscribed conduct of the lesser offense is more specific than that of the greater offense, as is true with the object of the crime in David Michael Gamble and the instrumentality of the crime in the present case, one might argue that the greater specificity contained in the lesser offense is not a different element at all, but rather a category of the broader field which is singled out for proscription via lessened culpability or risk elements. Viewed in that light, when the lesser offense's decreased culpability through a different mental state or its decreased harm or risk of harm would supply the only incongruity of elements, part (b) would be applicable. However, as Judge Wade points out in the present case in which the indictment did not state the type of instrumentality used to kill the victims, courts must take account of the "defendant's constitutional right to be given notice of the offense or offenses charged." See State v. Dominy, 6 S.W.3d 472, 476 (Tenn. 1999). It may well be that an indictment which does not allege the specific object or instrumentality of the crime does not provide the defendant with the constitutionally-mandated notice of the lesser offense. On that score, David Michael Gamble is distinguishable because the indictment in that case specified that the object of the charged theft was a vehicle.

At this juncture, we must be mindful of the of dictate of Howard v. State, 578 S.W.2d 83 (Tenn. 1979), which is the basis of Burns's part (a), that the lesser-included offense is established when its elements are necessarily included in the greater offense "*as those elements are set forth in the indictment.*" Howard, 578 S.W.2d at 85 (emphasis added). See Burns, 6

4

S.W.3d at 467 (part (a) is consistent with Howard). When we view the "elements" as set forth in the David Michael Gamble indictment, they at least give notice that the crime of unauthorized use of a vehicle is possibly alleged in the indictment, making the case distinguishable from the present case, in which there is no allegation in the indictment that a vehicle was the instrumentality of the crime.

The question remains whether this technique of specifying the object or instrumentality of the crime should be utilized by our courts to *establish* a lesser-included offense. I see the utility in looking to the elements as set forth in the indictment for the purpose of narrowing the greatest offense being charged. For instance, when an indictment alleges especially aggravated kidnapping, see Tenn. Code Ann. § 39-13-305 (1997), it is useful to know if the basis of the prosecution is, for instance, Code section 39-13-305(a)(3), that the crime was "committed to hold the victim for ransom or reward, or as a shield or hostage." This designation informs the analysis of whether kidnapping and aggravated kidnapping are lesser-included offenses. See Tenn. Code Ann. §§ 39-13-303, 304 (1997). However, the use of factual specifications in the indictment to expansively create lesser included offenses may be fraught with chaos and confusion, depending upon the creativity or prolixity of the prosecutor drawing the charging instrument. In my view, the trial and appellate benches are perplexed about lesser-included offenses, and if an approach which expands and defies structure in the analysis of lesser-included offense issues causes more confusion and difficulty of application, its merits are doubtful.

In Burns, the supreme court attempted to clarify the problem through fashioning a rule for determining lesser-included offenses which would be simple to apply, especially if the part (a) subset analysis is used rather narrowly and literally, as it has been used in the present case. In cases in which the field of proscribed activity is broader in a greater offense than that proscribed

5

in a proposed lesser-included offense, our supreme court must ultimately decide the approach to be used. On the basis of simplicity of application and predictability of result, I favor the approach used in the present case and concur in Judge Wade's analysis.

_____
JAMES CURWOOD WITT, JR., JUDGE

6