**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**NOVEMBER SESSION, 1998**

**FILED**

May 6, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9712-CR-00564** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHERYL BLACKBURN** |
| **RAYMOND HALE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Class C Felony)** |

FOR THE APPELLANT:

JEFFREY A. DEVASHER
Assistant Public Defender
(On Appeal)

JOAN A. LAWSON
Assistant Public Defender
(At Trial)
1202 Stahlman Building
Nashville, TN  37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Senior Counsel
425 Fifth Avenue North
Nashville, TN  37201-1649

VICTOR S. JOHNSON
District Attorney General

DAN HAMM
SHARON BROX
Assistant District Attorneys
222 Second Avenue North
Nashville, TN  37201-1649

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Raymond A. Hale, Jr., was convicted by a Davidson County jury of one (1) count of robbery, a Class C felony. The trial court sentenced him as a Range I offender to five (5) years in community corrections and ordered that Appellant's sentence run consecutively to his sentence on an unrelated offense for which he was on probation at the time the present offense was committed. On appeal, Appellant raises the following issues for our review:

(1) whether the evidence is sufficient to sustain the jury's verdict of guilt;

(2) whether the trial court erred in failing to instruct the jury on the lesser included offense of attempted theft;

(3) whether the trial court erred in charging the jury with the "truth in sentencing" instruction; and

(4) whether the trial court erred in imposing consecutive sentences.

After a thorough review of the record before this Court, we conclude that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

## FACTS

At approximately 8:00 p.m. on December 13, 1996, Delores Butler, her daughter and her granddaughter left the Walgreens' drugstore on Gallatin Pike in Nashville. As they were walking to their car, a man approached Ms. Butler and demanded that she give him her purse. Butler responded, "no, I'm not." The man reached for her purse, and as Butler stepped away from the man, she fell backwards. As she fell, Butler dropped her belongings, which scattered throughout the parking lot. The man reached over Butler, and Butler began

kicking and screaming. The man then ran away with an object in his hands. Subsequently, when Butler attempted to collect her belongings in the parking lot, she was unable to locate her wallet.

Bystanders in the area heard the victim shouting and came to her assistance. Several men chased the perpetrator, apprehended him and brought him back to the Walgreens' parking lot. Butler identified the man apprehended by the bystanders as the man who robbed her. The offender was identified at trial as the Appellant.

The next morning, Ms. Butler went back to Walgreens' and found her wallet in the parking lot. The wallet was found in close proximity to where the incident occurred.

The jury found Appellant guilty of robbery, and the trial court sentenced Appellant to five (5) years, to be served on community corrections. The trial court further ordered that Appellant's sentence for robbery would run consecutively to his sentence on an unrelated offense for which he was on probation at the time of the present offense. From his conviction and sentence, Appellant now brings this appeal.

## SUFFICIENCY OF THE EVIDENCE

In his first issue on appeal, Appellant challenges the sufficiency of the convicting evidence. Specifically, he claims that there was insufficient evidence to establish that Appellant obtained or exercised control over Ms. Butler's property. Therefore, he argues that he did not commit a "theft of property" as required by the robbery statute, and no rational trier of fact could have found him guilty of robbery beyond a reasonable doubt.

**A.**

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d at 779.

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d at 75. Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913,

-4-

914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id.

**B.**

Robbery is defined as the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). A person commits a theft of property if "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103.

**C.**

Appellant argues that there is insufficient evidence to establish that he obtained or exercised control over Ms. Butler's property, and accordingly, there is insufficient evidence that he committed a theft. He bases this argument on the fact that the victim found her wallet in the Walgreens' parking lot the day after the incident.

The victim testified that Appellant approached her and demanded that she give him her purse. Butler declined to turn over her belongings, stepped away from Appellant and fell backwards. Appellant reached over her, and she and Appellant struggled. As they were struggling, Appellant grabbed an object and ran away with what appeared to be her wallet in his hands. An eyewitness to the incident testified that he saw Appellant grab something before running away. Another eyewitness stated that Appellant appeared to be clutching an object as he was running away from the scene.

Although the victim found her wallet the next day in the general vicinity that the incident took place, it was a jury question as to whether Appellant obtained or exercised control over the wallet. The jury could have properly found that Appellant seized the victim's wallet and then dropped the wallet during the

struggle with Butler or as he fled the scene. This Court may not second-guess the jury's findings in this regard. We, therefore, conclude that there is sufficient evidence for a rational trier of fact to find Appellant guilty of robbery beyond a reasonable doubt.

This issue has no merit.

## LESSER INCLUDED OFFENSE - ATTEMPTED THEFT

Appellant contends that he was denied a fair trial when the trial court refused to instruct the jury on the lesser included offense of attempted theft of property. He asserts that the evidence presented at trial could have supported a finding by the jury that Appellant did not obtain control over the victim's property and that his actions did not place the victim in fear. Therefore, he claims that the evidence would support an instruction on attempted theft, and the trial court erred in failing to so instruct the jury.

In a criminal trial, the accused has a right to a correct and complete charge of the law applicable to the case. State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994); State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981). It is well-established that a defendant is entitled to a jury instruction "on all lesser included offenses where 'any facts . . . are susceptible of inferring guilt of any lesser included offense.'" State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996) (quoting State v. Wright, 618 S.W.2d at 315). Tenn. Code Ann. § 40-18-110(a) provides:

> It is the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so.

"An offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser." Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979); *see also* State v. Trusty, 919 S.W.2d at 310-11. In other words, an offense is considered a lesser included offense "if the elements of the included offense are a subset of the elements of the charged offense" and "the greater offense cannot be committed without also committing the lesser offense." State v. Trusty, 919 S.W.2d at 310.

In the case *sub judice*, the trial court charged the jury with robbery, attempted robbery and theft of property. Appellant requested that the trial court instruct the jury on attempted theft, but the trial court declined to do so.

Theft of property is clearly a lesser included offense of robbery as the elements of theft are a "subset" of the elements of robbery and one must commit a "theft" in order to commit the offense of robbery. *See* State v. Trusty, 919 S.W.2d at 310; Tenn. Code Ann. §§ 39-13-401(a), 39-14-103. Furthermore, at trial a defense theory was that Appellant did not complete the theft because he did not obtain or exercise control over the victim's property. Under these circumstances, attempted theft was a lesser included offense of the indicted offense of robbery. "If there is any evidence reasonable minds could accept as to any such lesser offenses, the accused is entitled to appropriate instructions regarding the lesser offenses." State v. Atkins, 681 S.W.2d 571, 577 (Tenn. Crim. App. 1984). Thus, the trial court erred in failing to instruct the jury as to the lesser included offense of attempted theft.

However, Appellant is not necessarily entitled to relief as a result of this error. Our Supreme Court has held that a trial court's failure to instruct on a lesser included offense is subject to harmless error analysis. State v. Williams,

977 S.W.2d 101, 106-08 (Tenn. 1998). In Williams, the defendant was charged with premeditated first degree murder, and the trial court instructed the jury on premeditated first degree murder, second degree murder and reckless homicide. Id. at 104. The trial court rejected a defense request for an instruction on voluntary manslaughter. Id. While acknowledging that the trial court erred in refusing to charge the jury on voluntary manslaughter, the Court held such error was harmless beyond a reasonable doubt. Id. at 106-08. The Court reasoned:

> [b]y convicting the defendant of first degree murder the jury determined that the proof was sufficient to establish all the elements of that offense beyond a reasonable doubt, including that the killing was "intentional, deliberate and premeditated." In other words, by finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses, including voluntary manslaughter. Accordingly, the trial court's erroneous failure to charge voluntary manslaughter is harmless beyond a reasonable doubt because the jury's verdict of guilt on the greater offense of first degree murder and its disinclination to consider the lesser included offense of second degree murder clearly demonstrates that it certainly would not have returned a verdict on voluntary manslaughter.

Id. at 106.

The present case is closely analogous to Williams. The trial court properly charged the jury with the lesser offenses of attempted robbery and theft, but the jury returned a guilty verdict on the indicted offense of robbery. By returning a guilty verdict on the greatest offense to the exclusion of the lesser charged offenses, the jury "necessarily rejected all other lesser offenses." Id. As a result, we must conclude that the error was harmless beyond a reasonable doubt.

This issue is without merit.

## "TRUTH IN SENTENCING" JURY INSTRUCTION

In his next issue, Appellant contends that the trial court erred in instructing the jury on the minimum number of years he would serve before becoming eligible for parole. He claims that Tenn. Code Ann. § 40-35-201(b),[1] which requires that parole eligibility be charged in conjunction with a range of penalties charge, is unconstitutionally vague, violates due process, deprives a defendant of a fair and impartial jury and constitutes an unconstitutional attempt by the legislature to exercise judicial powers.

**A.**

The state responds that this issue is controlled by the recent Tennessee Supreme Court case State v. King, 973 S.W.2d 586 (Tenn. 1998), wherein the

---

[1] Tenn. Code Ann. § 40-35-201(b) provides:

(1) In all contested criminal cases, except for capital crimes which are governed by the procedures contained in §§ 39-13-204 and 39-13-205, upon the motion of either party, filed with the court prior to the selection of the jury, the court shall charge the possible penalties for the offense charged and all lesser included offenses.

(2)(A)(I) When a charge as to possible penalties has been requested pursuant to subdivision (b)(1), the judge shall also include in the instructions for the jury to weigh and consider the meaning of a sentence of imprisonment for the offense charged and any lesser included offenses. Such instruction shall include an approximate calculation of the minimum number of years a person sentenced to imprisonment for the offense charged and lesser included offenses must serve before reaching such person's earliest release eligibility date. Such calculation shall include such factors as the release eligibility percentage established by § 40-35-501, maximum and minimum sentence reduction credits authorized by § 41-21-236 and the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, if applicable.

(ii) Such instructions to the jury shall also include a statement that whether a defendant is actually released from incarceration on the date when such defendant is first eligible for release is a discretionary decision made by the board of paroles based upon many factors, and that such board has the authority to require the defendant to serve the entire sentence imposed by the court.

(B) On an annual basis, the department of correction shall provide each judge exercising criminal trial court jurisdiction with the approximate calculation required in subdivision (2)(a). Such calculation shall be broken down to show the effect of each factor used in making such calculation. If the calculation provided by the department to the judges changes because of a change in the law or correctional policy, court intervention, the governor's prison overcrowding policy or any other such circumstance, the department shall send a revised calculation to the judges as such changes occur.

Court held Tenn. Code Ann. § 40-35-201(b)(2) constitutional.[2] In King, the Court rejected similar challenges to the parole eligibility jury instruction, concluding that the statute was not impermissibly vague and did not violate the separation of powers clauses of the Tennessee Constitution. Id. at 588-92. The Court also noted that the jury instruction did not deprive the defendant of an impartial jury. Id. at 588, n. 4. Furthermore, the Court determined that the defendant's due process rights were not violated by the instruction and observed:

> [t]he jurors in this case were properly instructed that the State must prove each element of the charged offense beyond a reasonable doubt. <u>Significantly, they were additionally instructed that they were not to attempt to fix punishment for the offense and that the sentencing information was "for your information only</u>." When the trial court explains, as it did here, that the sentencing, parole, and early release information is not to be considered in the determination of guilt or innocence, then certainly no due process violation has occurred.

Id. at 592 (emphasis added).

The holding in King was limited, however, to the circumstances of that particular case. The Court concluded, "[i]n sum, under the circumstances presented we find that the jury instruction given under Tenn. Code Ann. § 40-35-201(b)(2) did not deprive the appellant of his due process right to a fair trial." Id.

**B.**

Subsequent to the release of King, this Court filed its opinion in the case of State v. Jason M. Weiskopf, C.C.A. No. 02C01-9611-CR-00381, 1998 Tenn. Crim. App. LEXIS 1228, Shelby County (Tenn. Crim. App. filed December 4,

---

[2] Effective May 18, 1998, Tenn. Code Ann. § 40-35-201(b) was amended to provide the following:

In all contested criminal cases, except for capital crimes which are governed by the procedures contained in §§ 39-13-204 and 39-13-205, and as necessary to comply with the Constitution of Tennessee, article VI, section 14, and § 40-35-301, the judge shall not instruct the jury, nor shall the attorneys be permitted to comment at any time to the jury, on possible penalties for the offense charged nor all lesser included offenses.

1998, at Jackson).[3] Judge Joe G. Riley, writing for the Court, held that the defendant's due process rights had been violated by the parole eligibility jury instruction. The Court distinguished the Supreme Court's holding in <u>King</u> on the basis that, unlike in <u>King</u>, the jury in <u>Weiskopf</u> was instructed that they could "weigh and consider the meaning of a sentence of imprisonment." <u>Id.</u> at *3-4. The Court observed that the jury does not determine a defendant's sentence in non-capital cases, and therefore, such sentencing information is irrelevant to the jury's determination of guilt or innocence. <u>Id.</u> at *4. As a result, the Court concluded that instructing the jury that they could "weigh and consider" extraneous, irrelevant information deprived the defendant of a fair trial. <u>Id.</u>

**C.**

In the case *sub judice*, the trial court instructed the jury that they could "weigh and consider the meaning of a sentence of imprisonment." The court further instructed the jury as to the range of punishment for robbery, attempted robbery and theft. The jury was instructed that the earliest release eligibility date for robbery was .36 years (131 days) and the earliest release eligibility date for attempted robbery was .24 years (87 days). The trial court also instructed the jury that punishment for theft of property "may be set up to eleven (11) months and twenty-nine (29) days."

We agree with the <u>Weiskopf</u> court that instructing the jury to "weigh and consider the meaning of a sentence of imprisonment" affects an accused's constitutional right to a fair trial. Therefore, we conclude that the trial court erred

---

[3] The original opinion in <u>Weiskopf</u> was filed on February 4, 1998, wherein this Court held Tenn. Code Ann. § 40-35-201(b) to be unconstitutional as it is violative of the due process clauses of the federal and state constitutions. <u>State v. Jason M. Weiskopf</u>, C.C.A. No. 02C01-9611-CR-00381, 1998 Tenn. Crim. App. LEXIS 153, Shelby County (Tenn. Crim. App. filed February 4, 1998, at Jackson). The Supreme Court remanded the case to the Court of Criminal Appeals for reconsideration of the issue in light of the Court's holding in <u>King</u>. <u>State v. Jason M. Weiskopf</u>, 1998 Tenn. Crim. App. LEXIS 1228, at *1.

in instructing the jury that they could "weigh and consider" such irrelevant sentencing information.

**D.**

Erroneous jury instructions are subject to harmless error review. State v. Belser, 945 S.W.2d 776, 782 (Tenn. Crim. App. 1996). However, if the error is constitutional in nature, there must be a reversal unless the error is harmless beyond a reasonable doubt. Id.

In Weiskopf, the Court declined to find harmless error. The Court observed that the jury was instructed that the earliest release eligibility date for first degree murder was 25 years; for second degree murder, the earliest release eligibility date was 1.06 years; and the earliest release eligibility date for voluntary manslaughter was .21 years. State v. Jason M. Weiskopf, 1998 Tenn. Crim. App. LEXIS 1228, at *4. The Court stressed the gross discrepancies between the release eligibility date for first degree murder as opposed to that for second degree murder and voluntary manslaughter. Id. The Court stated,

> [w]e know not to what extent, if any, the jury considered the ridiculously low release eligibility dates for second degree murder and voluntary manslaughter as compared to the much higher release eligibility date for first degree murder. Nevertheless, we are unable to conclude that this information had no impact upon the jury since the primary issue was the degree of homicide.

Id.

In the present case, the jury was instructed that the earliest release eligibility date for robbery was .36 years, approximately 4 months, 11 days, and .24 years, approximately 2 months, 27 days, for attempted robbery. The distinction between the release eligibility dates is slight and in no way approaches the glaring discrepancies in release eligibility dates noticed by this Court in Weiskopf. Furthermore, the jury was not instructed on a minimum release

-12-

eligibility date for theft of property, but was instructed that the sentence "may be set up to eleven (11) months and twenty-nine (29) days." When read with the remaining instructions as to sentencing range, this statement gives the impression that Appellant could be required to serve the entire eleven (11) months and twenty-nine (29) days, clearly a more lengthy sentence than approximately 4 months, 11 days or approximately 2 months, 27 days.

"Jury instructions must be read as a whole rather than in isolation." State v. Belser, 945 S.W.2d at 782. After reviewing the jury instructions, we are convinced that the parole eligibility jury instruction does not "affirmatively appear to have affected the result of the trial on the merits." Tenn. R. Crim. P. 52(a). The error was, therefore, harmless.

This issue is without merit.

## CONSECUTIVE SENTENCING

In his final issue, Appellant contends that the trial court erred in ordering that his sentence for robbery run consecutively to his sentence for a prior offense. Appellant acknowledges that the trial court properly found that he committed the present offense while on probation for a previous offense. *See* Tenn. Code Ann. § 40-35-115(b)(6). However, he argues that consecutive sentencing is not reasonably related to the severity of the offense committed and is not necessary to protect the public from future criminal acts. *See* State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

### A.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the

determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely *de novo*. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. The trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and

-14-

(3) are congruent with general principles of sentencing. <u>State v. Wilkerson</u>, 905 S.W.2d at 939.[4]

**B.**

The trial court, after considering the enhancement and mitigating factors, sentenced Appellant as a Range I offender to five (5) years for his robbery conviction. The court further found that Appellant committed the present offense while he was on probation for a previous offense. Tenn. Code Ann. § 40-35-115(b)(6). After considering the consecutive sentencing factors enunciated in <u>Wilkerson</u>, the trial court ordered that Appellant's sentence run consecutively to his sentence for a prior offense for which he was on probation at the time the present offense was committed.

**C.**

Appellant concedes that the present offense was committed while he was on probation for aggravated burglary. Therefore, consecutive sentencing was appropriate under Tenn. Code Ann. § 40-35-115(b)(6). However, Appellant contends that there is insufficient evidence to support the factors required by <u>Wilkerson</u>.

The presentence report reflects that Appellant has a criminal history including convictions for aggravated burglary, aggravated assault, assault, disorderly conduct and harassment. He was on probation for aggravated burglary and was awaiting trial for harassment at the time the present offense was committed. Furthermore, he was arrested for driving on a suspended

---

[4] Currently pending before the Supreme Court is the issue whether a trial court is required to make <u>Wilkerson</u> findings when consecutive sentencing is based upon criteria other than the "dangerous offender" standard under Tenn. Code Ann. § 40-35-115(b)(4). *See* <u>State v. David Keith Lane</u>, C.C.A. No. 03C01-9607-CC-00259, 1997 Tenn. Crim. App. LEXIS 566, Bradley County (Tenn. Crim. App. filed June 18, 1997, at Knoxville), *perm. to app. granted* (Tenn. February 2, 1998). Nevertheless, under our review of this issue, we will require <u>Wilkerson</u> findings regardless of the statutory basis for consecutive sentencing.

license while on probation for assault in 1992, and was subsequently convicted of that offense.[5]

Appellant has shown a continuing disregard for the laws of this state. He has repeatedly violated the terms of release into the community. Moreover, the severity of his crimes have escalated over time. After considering the general principles of sentencing, we conclude that consecutive sentences are reasonably related to the severity of the offense committed and serve to protect the public from Appellant's further criminal conduct. *See* State v. Wilkerson, 905 S.W.2d at 939.

This issue has no merit.

## CONCLUSION

After a thorough review of the record before this Court, we find no reversible error. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOHN H. PEAY, JUDGE

---

[5] According to the presentence report, Appellant was arrested for driving on a suspended license in July 1992, but failed to appear in court. In January 1995, he was arrested due to his prior failure to appear and convicted on the offense of driving on a suspended license.