# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### May 2000 Session

## STATE OF TENNESSEE  v.  TINA SWINDLE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 94-D-1982     Hon. Seth Norman, Judge**

---

### No. M1998-00362-SC-R11-CD - Filed August 25, 2000

---

This is an appeal from the Criminal Court for Davidson County, which convicted the defendant of two counts of facilitation of child rape and two counts of aggravated sexual battery.  The defendant appealed, arguing that the trial court erred in failing to instruct the jury on Class B misdemeanor assault as a lesser-included offense of aggravated sexual battery.  After the Court of Criminal Appeals affirmed the convictions, the defendant sought, and this Court granted, permission to appeal on the following issue:  whether the trial court erred in failing to instruct the jury on Class B misdemeanor assault as a lesser-included offense of aggravated sexual battery.  We hold that Class B misdemeanor assault is a lesser-included offense of aggravated sexual battery and that it was error for the trial court not to instruct the jury accordingly.  Nevertheless, having determined that such error was harmless, the defendant's convictions for aggravated sexual battery are affirmed.

**Tenn. R. App. P. 11 Permission to Appeal; Judgment of the Court of Criminal Appeals is**
**Affirmed in Part, Reversed in Part**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, Jr., and JANICE M. HOLDER, JJ., joined.

Terry J. Canady, Madison, Tennessee, for the appellant, Tina Swindle.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

### OPINION

Tina Swindle, the defendant, was divorced from her husband, who had custody of their two children, one son and one daughter, B.M.[1]  The children visited Swindle every other weekend, for

---

[1] It is this Court's policy not to identify by name minor children involved in cases of sexual abuse.  Instead, we will identify the minor victim in this case by her initials.

several weeks during summer, and for one week during winter. On occasion, Swindle's boyfriend, Daniel Hall, also stayed in Swindle's home while the children were visiting. During one such visit, while B.M. was resting in her mother's bed, Swindle took her daughter's hands and forced her to hold Hall's penis. B.M. testified that Swindle then "made me pull up and down on it." B.M. further testified that on another occasion, Swindle "took her hand and put it on my private part and started rubbing it up and down." On both occasions, B.M. was nine years old. B.M. eventually told her brother about what had happened at Swindle's house, and her brother told their father about B.M.'s allegations of abuse. B.M.'s father in turn contacted the Nashville police to investigate B.M.'s allegations.

At the conclusion of the investigation, the matter was referred to a Davidson County Grand Jury, which indicted Swindle on two counts of aggravated sexual battery and two counts of criminal responsibility for facilitation of child rape.[2] Swindle was convicted on all counts and was sentenced as a Range One offender to the Department of Correction for eight years for each count of sexual battery and ten years for each count of criminal responsibility for facilitation of child rape. The sentences, which were ordered to be served concurrently, resulted in an effective sentence of ten years. Swindle appealed, arguing that the trial court erred in failing to instruct the jury on Class B misdemeanor assault as a lesser-included offense of aggravated sexual battery. The Court of Criminal Appeals concluded that assault is not a lesser-included offense of the offense of aggravated sexual battery. We disagree.

## DISCUSSION

A trial court is obliged "to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a) (1997). This obligation means that the trial court must instruct the jury on all lesser-included offenses if the evidence introduced at trial "is legally sufficient to support a conviction for the lesser-included offense." See State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999). Swindle argues that the trial court did not satisfy this duty by failing to instruct the jury on Class B misdemeanor assault as a lesser-included offense of aggravated sexual battery.

In State v. Burns, 6 S.W.3d 453 (Tenn. 1999), we set forth a three-part test for analyzing lesser-included offenses. We stated that

[a]n offense is a lesser-included offense if:
(a) all of its statutory elements are included within the statutory elements of the offense charged; or

---

[2] The counts charging facilitation of child rape were based on two separate incidents. One involved the defendant suggesting, then watching, as Hall performed cunnilingus upon the victim. The other involved the defendant holding the victim's legs apart as Hall performed cunnilingus upon the victim. The convictions for facilitation of child rape are not challenged in this Court.

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

       (1) a different mental state indicating a lesser kind of culpability; and/or

       (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

       (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b); or

       (2) an attempt to commit the offense charged or of an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b); or

       (3) solicitation to commit the offense charged or of an offense that otherwise meets the definition of lesser-included offenses in part (a) or (b).

See id. at 466-67.

Under part (a) of the Burns test, if all of the statutory elements of an offense are included within the statutory elements of the offense charged, then the offense is a lesser-included offense of the offense charged. See id. at 466. In this case, Swindle was charged with violation of subsection (a)(4) of the aggravated sexual battery statute, which contains the following elements: (1) an intentional mental state; (2) touching of the intimate parts of either the victim or the defendant; (3) touching reasonably construed as being for the purpose of sexual arousal or gratification; and (4) the victim is less than thirteen years of age. See Tenn. Code Ann. §§ 39-13-501(6), -504(a)(4) (1997). The elements of Class B misdemeanor assault, as relevant here, include: (1) an intentional or knowing physical contact with the person of another; and (2) a reasonable person would regard the contact as extremely offensive or provocative. See Tenn. Code Ann. § 39-13-101(a)(3) (1997). A comparison of the elements of each offense reveals that assault contains one element that is not included within the statutory elements of aggravated sexual battery, i.e., the requirement that a reasonable person would regard the contact as extremely offensive or provocative. Accordingly, because all of the elements of assault are not included within the offense of aggravated sexual battery, assault cannot be a lesser-included offense of aggravated sexual battery under part (a) of the Burns test.

It may be argued that proof of aggravated sexual battery inevitably establishes assault because physical contact for the purpose of sexual arousal or gratification is inherently extremely offensive or provocative. In Burns, however, we implicitly rejected this approach under subsection (a). As we acknowledged in Burns, our test for determining lesser-included offenses is largely derived from the Model Penal Code (MPC). The MPC provides that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Model Penal Code § 1.07(4)(a) (1980). We modified this language, however, to cast lesser-included offense analysis in terms of statutory elements rather than in terms of facts necessary to establish commission of an offense. See Burns, 6 S.W.3d at 466. We observed that our modification "defines lesser-included offense using a statutory elements approach consistent with [State v. Howard, 578 S.W.2d 83 (1979)], " which also focused on statutory elements rather than

facts in determining lesser-included offenses.  See Howard, 578 S.W.2d at 85; see also Burns, 6 S.W.3d at 465-66 (recognizing Howard's strict statutory elements approach).  Although we had the opportunity to adopt a fact-based approach for lesser-included offense analysis under part (a) of Burns, we declined to do so.  Thus, we are reluctant to hold that proof of aggravated sexual battery inevitably establishes assault under part (a) of Burns.

We are, of course, aware that a strict statutory element approach may weigh too heavily in favor of the State.  In Burns, we addressed concerns that the State might refuse to charge less serious offenses, thus depriving a defendant of the right to present a defense that might otherwise be presented.  We noted that if a comparison of statutory elements was the only analysis applicable to lesser-included offenses, "a jury [would be forced] into an 'all or nothing' decision that, unfortunately, is likely to be resolved against the defendant, who is clearly guilty of 'something.'" Burns, 6 S.W.3d at 466.

To mitigate the effects of the statutory element approach, we provided two exceptions to part (a) of the Burns test.  The two exceptions, set forth in part (b) of the Burns test, provide that if an offense fails to satisfy part (a), it may still be a lesser-included offense if it contains a statutory element or elements establishing either a different mental state indicating a lesser kind of culpability or a less serious harm or risk of harm to the same person, property, or public interest.  See Burns, 6 S.W.3d at 466-67.  Because the additional element in assault, *i.e.*, that a reasonable person would regard the contact as extremely offensive or provocative, does not establish a different mental state indicating a lesser kind of culpability, assault cannot be a lesser-included offense under part (b)(1).  Thus, assault must involve a less serious harm or risk of harm to the same person to be a lesser-included offense of aggravated sexual battery under subsection (b)(2) of the Burns test.

In Burns, we explained that an offense involves a less serious harm or risk of harm where "the injury or risk of injury [or] damage . . . is of a lesser degree than that required for the greater offense."  Id. at 466.  Both aggravated sexual battery and Class B misdemeanor assault are satisfied by the same mental state, and both require physical contact.  Aggravated sexual battery, however, requires that the physical contact be of a sexual nature.  Class B misdemeanor assault, by contrast, requires only that the touching be extremely offensive or provocative.  The pertinent question here, then, is whether the element of "extremely offensive" or "provocative" physical contact establishes a less serious harm to the victim than touching of intimate parts for the purpose of sexual arousal or gratification.

Unlawful sexual contact, by its nature, encompasses extremely offensive or provocative contact.  However, contact of an extremely offensive or provocative nature does not necessarily rise to the level of sexual contact.  Cf. State v. Howard, 926 S.W.2d 579, 586-87 (Tenn. Crim. App. 1996); State v. McKnight, 900 S.W.2d 36, 53 (Tenn. Crim. App. 1994).  Therefore, we conclude that the element of extremely offensive or provocative touching establishes a less serious harm to the victim than touching for the purpose of sexual arousal or gratification.  Accordingly, under part

-4-

(b)(2) of the Burns test, Class B misdemeanor assault is a lesser-included offense of aggravated sexual battery.[3]

Having determined that Class B misdemeanor assault is a lesser-included offense of aggravated sexual battery, we next consider whether the evidence was sufficient to support an instruction on the lesser offense. On one occasion, the defendant took her daughter's hand and forced her to hold the defendant's boyfriend's penis. On another occasion, the defendant used her hands to rub the victim's genitals. The Court of Criminal Appeals concluded that there was no evidence that these incidents were simple assaults devoid of sexual intent.

A lack of sexual intent, however, is not an element of assault. As we noted in Burns, "[w]hether sufficient evidence supports a conviction of the charged offense does not affect the trial court's duty to instruct on the lesser offense if evidence also supports a finding of guilt on the lesser offense." 6 S.W.3d at 472. In this case, we conclude that the trial court erred in failing to instruct the jury on Class B misdemeanor as a lesser-included offense of aggravated sexual battery because both of these incidents involved contact that a reasonable person would regard as extremely offensive or provocative and the evidence would have been legally sufficient to support a conviction for the lesser offense. See id. at 469.

The trial court's erroneous failure to instruct on Class B misdemeanor assault is subject to a harmless error analysis. State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998). Reversal is required if the error affirmatively affected the result of the trial, or if the error more probably than not affected the judgment to the defendant's prejudice. Id.; see also Tenn. R. Crim. P. 52(a).

In this case, the trial court instructed the jury on the elements necessary to prove aggravated sexual battery, specifically: a touching of the defendant's or the victim's intimate parts; that the touching was for the purpose of sexual arousal or gratification; that the victim was less than thirteen (13) years of age; and that the defendant acted either intentionally, knowingly or recklessly. In addition, the trial court instructed on the lesser-included offenses of facilitation of aggravated sexual battery (a Class C felony), child abuse (a Class A misdemeanor), and child neglect (a Class A misdemeanor).[4]

The jurors were also instructed that if they determined the defendant was guilty beyond a reasonable doubt of the greater offense, they were to stop their deliberations as to that count and return their verdict. They were also told that if they had a reasonable doubt as to the greater offense

---

[3] Although this case is resolved under the second exception in part (b) of Burns, we note that part (c) of the Burns test does not apply, as this case does not involve any of the inchoate offenses of attempt, facilitation, or solicitation. Cf. Burns, 6 S.W.3d at 467.

[4] Tennessee Code Annotated section 39-15-401(d) (1997) provides that a violation of the statute prohibiting child abuse or neglect "may be a lesser offense of any kind of . . . sexual offense if the victim is a child and the evidence supports a charge under this section." From the evidence presented, a jury could have found that the conduct of the defendant amounted to child abuse or neglect.

of aggravated sexual battery, their verdict must be not guilty of that offense and they should proceed to determine the defendant's guilt or innocence of the lesser-included offenses.

By convicting the defendant of aggravated sexual battery, the jury necessarily determined that the evidence was sufficient to establish all the elements of that offense beyond a reasonable doubt. The jury's rejection of the lesser offenses of facilitation, child abuse and child neglect clearly demonstrates that the jury would not have convicted the defendant of Class B misdemeanor assault. See Williams, 977 S.W.2d at 106. Accordingly, the failure to instruct on that offense does not affirmatively appear to have affected the result of the trial. Thus, the error is harmless.

## CONCLUSION

In summary, we hold that because extremely offensive or provocative contact is a less serious harm to the victim than touching for the purpose of sexual arousal or gratification, Class B misdemeanor assault is a lesser-included offense of aggravated sexual battery under the "lesser harm or risk of harm" prong of part (b) in State v. Burns, 6 S.W.3d 453 (Tenn. 1999). We further conclude that an instruction on Class B misdemeanor assault was warranted under the evidence presented in this case. Accordingly, the failure to instruct the jury on that lesser offense was error. Nevertheless, we hold that this error was harmless in light of the facts that the court instructed the jury on aggravated sexual battery, facilitation of a felony, child abuse, and child neglect, and that the jury found the defendant guilty of the greatest offense of aggravated sexual battery to the exclusion of the lesser instructed offenses. The defendant's conviction and sentence for aggravated sexual battery is affirmed.

Costs of this appeal are taxed to the defendant/appellant, Tina Swindle.

_____
WILLIAM M. BARKER, JUSTICE

-6-