# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 24, 2001 Session

## STATE OF TENNESSEE v. LINNELL RICHMOND and SHERVON JOHNSON

**Direct Appeal from the Criminal Court for Knox County**
**No. 58152A and 58152B      Richard R. Baumgartner, Judge**

**No. E2000-01499-CCA-R3-CD**
**October 15, 2001**

Jerry L. Smith, J., concurring in part and dissenting in part.

I concur fully in the lead opinion with respect to the attempted murder convictions of both defendants. I also concur fully with Judge Woodall's opinion in all other respects save for the issue concerning the failure of the trial court to instruct the jury on the lesser-included offenses of robbery and attempted robbery to the aggravated robbery indictment and the attempted aggravated robbery indictment. For the reasons stated below I would find this failure to instruct with respect to these lesser-included offenses constituted reversible error. A reading of the recent cases of State v. Bowles, ___ S.W.3d ___(Tenn. 2001); and State v. Ely & Bowers, 48 S.W.3d 710 (Tenn. 2001); leads one to the inescapable conclusion that our high court has mandated that lesser-included offense instructions be given anytime the evidence is sufficient to support a conviction for these offenses. This means that anytime the proof is sufficient for a conviction of the indicted offense, the proof will a fortiori be sufficient for a conviction of the lesser-included offenses. See Bowles ___ S.W.3d at ____. As a practical matter, this in turn means that it will almost always be error to fail to instruct the jury as to all lesser-included offenses of the indicted offense.[1] Thus, the only real inquiry, in my opinion, in virtually all of the cases raising the lesser-included offense issue is whether the error in failing to instruct on the lesser offenses can be said to be harmless beyond a reasonable doubt.

---

[1]This analysis may not hold true where the issue is a failure to instruct the jury on the offenses of solicitation or facilitation of the indicted offense. A finding of guilt on the indicted charge does not a fortioti mean that there is sufficient proof to support a conviction on these offenses. For example, in the instant case constitutionally sufficient proof of guilt of aggravated robbery necessarily means there is sufficient proof of simple robbery and attempted robbery, but it does not necessarily follow that proof of aggravated robbery will establish that the defendant solicited or facilitated others in the commission of the offense. Presumably, the question to be asked in determining error with respect to solicitation and facilitation is whether there is any evidence that a reasonable juror could accept as to these offenses to the exclusion of the greater offenses.

It should be noted at the outset of this discussion that although defendant Richmond raised on appeal the lesser-included offense issue, defendant Johnson did not. Nevertheless, pursuant to Tenn. R. Crim. P. 52(b) and the case of State v. Smith, 24 S.W.3d 274 (Tenn. 2000); I would find as to Johnson that the failure to instruct the jury on the lesser-included offenses of robbery and attempted robbery constitutes plain error. As such I would therefore grant relief on this issue to both defendants.

Tenn. R. Crim. P. 52(b) provides:

> An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.

In State v. Smith, supra., the Tennessee Supreme Court delineated a five (5) part test for determining whether an error is plain error. All five (5) criteria for establishing plain error must be established by the record. Id. at 282-83. These five (5) criteria are:

(1)    the record must establish what occurred in the trial court;

(2)    a clear and unequivocal rule of law must have been breached;

(3)    a substantial right of the accused must have been adversely affected;

(4)    the accused must not have waived the issue for tactical reasons; and,

(5)    consideration of the error must be necessary to do substantial justice.

Turning to the instant case the record reveals that no instructions on the lesser-included offenses of simple robbery and attempted robbery were given to the jury for consideration in the panel's deliberations on the aggravated robbery and attempted aggravated robbery counts in the indictment. In my view, for the reasons stated infra. the Tennessee Supreme Court has now established clear and unequivocal rules of law in this area. Clearly a substantial right of the accused, i.e. the state constitutional right to a jury trial was adversely affected. See, State v. Ely & Bowers, 48 S.W.2d at 727, (Tenn. 2001). Nothing in the record suggests Johnson waived this issue for tactical reasons. Finally, since Johnson and Richmond were tried together in this case and presumably will be in the future trial necessitated by this Court's opinion, substantial justice requires that consistent jury instructions be given for both defendants. Thus, I would find the failure to instruct as to defendant Johnson on lesser-included offenses to the aggravated robbery and attempted aggravated robbery charges constitutes plain error.

Turning to the merits of the lesser-included offense issue in this case, I am again compelled by recent Tennessee Supreme Court precedent to conclude that an error in failing to instruct the jury

as to lesser-included offenses will be found harmless beyond a reasonable doubt only in the situation presented in the case of State v. Williams, 977 S.W.2d 101 (Tenn. 1998). In Williams, the defendant was indicted for first degree murder. The jury was also instructed on second degree murder, but the trial judge declined to give instructions on voluntary manslaughter. The defendant was convicted of first degree murder as charged in the indictment. The supreme court held that the error was harmless because: "[B]y finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses, including voluntary manslaughter." (Emphasis supplied), Id. at 106.

In the case of State v. Ely & Bowers, supra.; the supreme court referred to Williams as an example of when an error in failing to instruct on lesser-included offenses is harmless beyond a reasonable doubt. 48 S.W.3d at 727. In State v. Bowles, supra.; Williams was again touted as the paradigm for harmless error analysis in this area. ___ S.W.3d at ___. In both State v. Swindle, 30 S.W.3d 289, 293 (Tenn. 2000); and State v. Bolden, 979 s.W.2d 587, 593 (Tenn. 1998); the Williams case is held out as an example of when an error in failing to instruct on lesser-included offenses will be found to be harmless beyond a reasonable doubt.

In summary, each time our supreme court has performed a harmless error analysis on the failure to instruct on a lesser-included offense, the court has found the error to be harmless beyond a reasonable doubt when the Williams situation is presented. See e.g. Bowles, ___ S.W.3d at ___; State v. Swindle, 30 S.W.3d at 293. Each time the Williams situation is not present the court has found, irrespective of the quantum of proof as to the defendant's guilt of the greater offense, that the failure to instruct on lesser-included offenses was reversible error. State v. Ely & Bowers, 48 S.W.3d at 727; State v. Rush, 50 S.W.3d at 424,433 (Tenn. 2001). I am therefore forced to conclude that the only time a failure to instruct on lesser-included offenses can be considered harmless beyond a reasonable doubt is in the situation presented by the Williams case, i.e., where the jury by rejecting a verdict of guilt on an intermediate lesser-included offense for which they were instructed, in favor of a verdict on the more serious offense, "*necessarily*" rejects all other lesser-included offenses. Williams, 977 S.W.2d at 106. Although Judge Wade characterizes this approach to this seemingly intractable area of the law as "mechanically applied", such an analysis does establish a bright line rule that will foster consistence and predictability in this area of the law and provide guidance to the bench and bar. Given the troubled past of lesser-included jurisprudence, this seems to me to be a desirable result.

Since the situation in Williams is not that presented in the case sub judice I cannot say the jury "*necessarily*" rejected the lesser-included offenses of robbery and attempted robbery. Thus, I cannot find the error to be harmless beyond a reasonable doubt.

I, therefore feel compelled by our supreme court's precedents to reverse this case as to both defendants and remand for a new trial wherein the jury is instructed as to all lesser-included offenses of aggravated robbery and attempted aggravated robbery.

_____

JERRY L. SMITH, JUDGE

-3-