IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 24, 2001 Session

## STATE OF TENNESSEE v. LINNELL RICHMOND
## and SHERVON JOHNSON

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 58152A and 58152B    Richard R. Baumgartner, Judge**

**No. E2000-01499-CCA-R3-CD**
**October 15, 2001**

Gary R. Wade, P.J., concurring.


I concur with Judge Woodall's lead opinion as to the defendant Johnson and would affirm in all respects.  I disagree with Judge Smith that this court should reverse Johnson's aggravated robbery and attempted aggravated robbery convictions on a plain error basis for failure to instruct on the lesser offenses of robbery and attempted robbery.  Johnson did not present the issue on appeal. Five factors determine whether the failure to charge lesser included offenses qualifies as reversible, plain error:

1.   The record must clearly establish what happened in the trial court;
2.   a clear and unequivocal rule of law must have been breached;
3.   a substantial right of the accused must have been adversely affected;
4.   the accused did not waive the issue for tactical reasons; and
5.   consideration of the error is necessary to do substantial justice.

State v. Adkisson, 89 S.W.2d 626, 639 (Tenn. Crim. App. 1994).  Because the proof was so overwhelming as to Johnson's convictions, I would characterize the error as harmless beyond a reasonable doubt and cannot, therefore, conclude that considering the error as plain "is necessary to do substantial justice." Id.

I concur in part with Judge Woodall's opinion as to the defendant Richmond, who was granted a new trial on the murder count based upon error in the natural and probable consequences rule.  The defendant Richmond should, however, be granted a new trial on all counts. I concur with Judge Smith, who concluded that the trial court also erred by the failure to instruct the jury on the lesser included offenses of robbery and attempted robbery on the aggravated and attempted aggravated robbery indictments.

The evidence showed that the victims were standing outside of a nightclub when four men

wearing masks and hoods came around the corner of the building and demanded that they hand over their money. There was testimony that the defendant Johnson held a .9 millimeter pistol to one victim's head and took $200 from him. There was also proof that when the other victims related that they had no money, the defendants entered the nightclub and opened fire. The defendant Richmond was arrested shortly after the incident driving the getaway car. He was not wearing a mask or a toboggan. Police found no weapons and no money in his possession. By proving aggravated robbery and attempted aggravated robbery, the state also proved robbery and attempted robbery. See State v. Bowles, 52 S.W.3d 69 (Tenn. 2001). Under these circumstances, if the defendant Richmond had been convicted of robbery or attempted robbery, this court would have clearly found that the evidence supported the convictions. Thus, these lesser offenses should have been charged to the jury.

In all criminal cases, the burden of proof is on the state. The defendant had no obligation to prove that deadly weapons were not used in the offense. The jury has the right to accredit or reject the testimony of witnesses and, ultimately, to determine the law and the facts. See Tenn. Const. art. I, § 19. The trial judge has a duty to give a complete charge of the law applicable to the facts of the case. State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986). There is an obligation "to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Tenn. Code Ann. § 40-18-110(a). Pursuant to our statute and case law interpretations, defendants are entitled to jury instructions on all lesser offenses for which the evidence would support conviction. Complete instructions allow the jury to determine among each alternative the appropriate offense, if any, for conviction and to more evenly balance the rights of the defendant and the state. It is only when the record is devoid of evidence to support an inference of guilt of the lesser offense that the trial court is relieved of the responsibility to charge the lesser crime. State v. Stephenson, 878 S.W.2d 530, 549-50 (Tenn. 1994); State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990).

A finding that the trial court erred by not instructing the jury, however, does not end the inquiry. In State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998), our supreme court appeared to have rejected a line of cases which had concluded that the right to instructions on lesser offenses was founded in the Tennessee Constitution and instead ruled that entitlement was based solely upon the statutory requirement. In consequence, the high court directed that any error in the omission of a lesser included offense would be subject to the following harmless error analysis:

> Reversal is required if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice.

In State v. Bolden, 979 S.W.2d 587 (Tenn. 1998), the defendant, who was charged with premeditated first degree murder, was willing to gamble on an "all or nothing" verdict by asking the trial judge not to charge the lesser included offense of second degree murder; the trial judge refused and the defendant was convicted on that lesser crime. While our supreme court affirmed the second degree murder conviction, its opinion emphasized the mandate of the statute requiring trial courts

-2-

to "instruct the jury on all lesser offenses if the evidence introduced at trial is legally sufficient to support a conviction of the lesser offense." Id. at 593. Our supreme court also acknowledged that a "purpose of the statute is to protect the right to trial by jury by instructing the jury on the elements of all offenses embraced by the indictment [and to] facilitate[] the overall truth-seeking function of the process." Id. If the failure to charge a lesser included offense was an error of constitutional dimension, as Bolden implied, the proper question would have been whether the error was harmless beyond a reasonable doubt. In State v. Swindle, 30 S.W.3d 289, 293 (Tenn. 2000), however, our supreme court followed the rationale in Williams and held that reversal was required only "if the error affirmatively affected the result of the trial, or if the error more probably than not affected the judgment to the defendant's prejudice." Our highest state court concluded that the trial court's failure to instruct misdemeanor assault as a lesser included offense of the primary charge, aggravated sexual battery, was harmless error under Tennessee Rule of Criminal Procedure 52(a).

In State v. Ely, however, our supreme court clarified the holding in Williams and confirmed that the failure to charge a lesser included offense qualifies as an error of constitutional proportions:

> [T]he right of trial by jury is of constitutional dimension [as] evidenced by its embodiment in Article I, section 6 of the Tennessee Constitution, which states, "the right of trial by jury shall remain inviolate." Accordingly, we hold that this constitutional right is violated when the jury is not permitted to consider all offenses supported by the evidence.

48 S.W.3d 710, 727 (Tenn. 2001) (emphasis in original). Our high court directed that in reviewing error arising from a failure to charge one or more lesser included offenses, "the proper inquiry for an appellate court is whether the error is harmless beyond a reasonable doubt." Id. That is not, in my view, a mechanically applied analysis, as Judge Smith suggests, but a fact-specific one, requiring review of the evidence in the record. For example, a concurring opinion authored by Chief Justice Rehnquist in Sullivan v. Louisiana accurately describes the duty of the appellate court in circumstances where there is constitutional error:

> [T]he reviewing court is usually left only with the record developed at trial to determine whether it is possible to say beyond a reasonable doubt that the error did not contribute to the jury's verdict. . . . [A]ny time an appellate court conducts harmless-error review it necessarily engages in some speculation as to the jury's decision making process; for in the end no judge can know for certain what factors led to the jury's verdict.

508 U.S. 275, 283 (1993) (Rehnquist, J., concurring).

In Fahey v. Connecticut, 375 U.S. 85 (1963), our highest court observed that the real question when there is a constitutional violation is whether there is "a reasonable possibility" that error might have contributed to the conviction. In Chapman v. California, our Supreme Court approved of that language and further concluded that when constitutional error has occurred, appellate courts have

the obligation "to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. 18, 24 (1967).

In summary, I concur in the affirmances of each of Johnson's convictions. In my view, defendant Richmond is entitled to a new trial on all counts. Because there was no direct testimony that he was armed or that he wore a mask, there is a "reasonable possibility" that the failure to instruct on robbery and attempted robbery may have contributed to the aggravated robbery and attempted aggravated robbery convictions. These errors cannot be considered harmless beyond a reasonable doubt. I therefore concur with Judge Smith that the defendant Richmond is entitled to new trials on those convictions.

_____
GARY R. WADE, PRESIDING JUDGE