IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## STATE OF TENNESSEE v. NED JACKSON

**Appeal from the Criminal Court for Shelby County**
**No. 99-11735     Chris Craft, Judge**

**No. W2000-02589-CCA-R3-CD - Filed December 18, 2001**

NORMA MCGEE OGLE, J., dissenting.

While I agree with the majority's conclusion that the evidence adduced at trial is sufficient to support the jury's verdict of guilt of aggravated robbery, I respectfully disagree with its conclusion that the trial court properly declined to instruct the jury on lesser-included offenses. Currently, members of this court are divided concerning the correct interpretation of the two-step process set forth by our supreme court in State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999), for determining if the evidence adduced at trial justifies jury instructions on lesser-included offenses. See, e.g., State v. Linnell Richmond, No. E2000-01545-CCA-R3-CD, 2001 WL 1222247 (Tenn. Crim. App. at Knoxville, October 15, 2001). I am largely in agreement with the position expressed by Judge Smith in his opinion in Richmond, No. E2000-01545-CCA-R3-CD, 2001 WL 1222247, at *21 (concurring in part and dissenting in part)(footnote omitted), that

> [a] reading of the recent cases of [State v. Bowles, 52 S.W.3d 69, 80 (Tenn. 2001), and State v. Ely, 48 S.W.3d 710, 724-725 (Tenn. 2001),] leads one to the inescapable conclusion that our high court has mandated that lesser-included offense instructions be given anytime the evidence is sufficient to support a conviction for these offenses. This means that anytime the proof is sufficient for a conviction of the indicted offense, the proof will *a fortiori* be sufficient for a conviction of the lesser-included offenses. . . . As a practical matter, this in turn means that it will almost always be error to fail to instruct the jury as to all lesser-included offenses of the indicted offense. Thus, the only real inquiry, in my opinion, in virtually all of the cases raising the lesser-included offense issue is whether the error in failing to instruct on the lesser offenses can be said to be harmless beyond a reasonable doubt.

Judge Smith acknowledged in Richmond, No. E2000-01545-CCA-R3-CD, 2001 WL 1222247, at *21 n.1, and our supreme court has indicated, see, e.g., Ely, 48 S.W.3d at 724; State v. Fowler, 23 S.W.3d 285, 288-289 (Tenn. 2000); and Burns, 6 S.W.3d at 470-471, that the sufficiency of evidence of lesser-included offenses "*a fortiori*" will not hold true for lesser-included offenses

such as facilitation that contain statutory elements inconsistent with or different from those of the charged offense. In other words, in those cases, additional and sufficient proof will be necessary to establish the distinct statutory element of the lesser-included offense. That having been said, if such proof is adduced at trial, "[w]hether sufficient evidence supports a conviction of the charged offense does not affect the trial court's duty to instruct on the lesser offense." Burns, 6 S.W.3d at 472; see also State v. Swindle, 30 S.W.3d 289, 293 (Tenn. 2000); State v. Steven Lee Whitehead, No. W2000-01062-CCA-R3-CD, 2001 WL 1042164, at *19-20 (Tenn. Crim. App. at Jackson, September 7, 2001); State v. Laquenton Monger, No. W2000-00489-CCA-R3-CD, 2001 WL 1011763, at *15 (Tenn. Crim. App. at Jackson, August 27, 2001).

In any event, as noted by the majority opinion, this court in State v. James Eric Alder, No. M1999-02544-CCA-R3-CD, 2000 WL 1606588, at *2 (Tenn. Crim. App. at Nashville, October 27, 2000), concluded that the statutory elements of both theft and aggravated assault by causing another to reasonably fear imminent bodily injury while using or displaying a deadly weapon are included in the statutory elements of aggravated robbery accomplished with a deadly weapon. Accordingly, evidence establishing the offense of aggravated robbery necessarily warranted instructions on the lesser-included offenses of theft and aggravated assault. I would also note in passing that the evidence adduced at trial likewise warranted instructions on the lesser-included offenses of robbery and assault by causing another to reasonably fear imminent bodily injury.

Turning to the question of whether the trial court's error was harmless beyond a reasonable doubt, I once again agree with the position that was adopted by Judge Smith in Richmond, No. E2000-01545-CCA-R3-CD, 2001 WL 1222247, at **22-23, and is supported by the cases cited in his opinion. In short, as suggested by my opinions in Whitehead, No. W2000-01062-CCA-R3-CD, 2001 WL 1042164, at *20, and Monger, No. W2000-00489-CCA-R3-CD, 2001 WL 1011763, at *15, I too believe that recent Tennessee Supreme Court precedent compels the conclusion that a failure to instruct a jury on lesser-included offenses will only be found harmless beyond a reasonable doubt under the circumstances presented in the case of State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998). Because the jury in this case was not afforded an opportunity to consider intermediate lesser-included offenses, I cannot conclude beyond a reasonable doubt that the trial court's error was harmless. Accordingly, I would reverse the defendant's conviction and remand this case for a new trial wherein the jury is instructed on lesser-included offenses.

NORMA McGEE OGLE, JUDGE