# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 27, 2001

## STATE OF TENNESSEE v. ALAN PARRIGAN

### Direct Appeal from the Circuit Court for Wayne County
### No. 12345     Robert L. Jones, Judge

---

### No. M2001-00342-CCA-R3-CD - Filed September 27, 2002

---

The appellant, Alan Parrigan, was convicted of the offense of aggravated sexual battery. He received a sentence of ten years incarceration to be served consecutively to a sentence he was serving at the time of the commission of the instant offense. On appeal he raises three errors for our consideration. First, the appellant maintains that the trial court erred in failing to instruct the jury on the lesser included offenses of child abuse and neglect. Second, he alleges that the evidence is insufficient to support the verdict. Finally, the appellant contends consecutive sentencing is unwarranted in his case. After a thorough review of the record, we find that although the failure to instruct the jury on the lesser-included offenses of child abuse and neglect was error, the error is harmless beyond a reasonable doubt. In addition, we find that the evidence is sufficient to support the verdict and that consecutive sentencing is fully supported by the record. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

C. Michael Robbins, Memphis, Tennessee, on appeal and Beverly White, Assistant Public Defender, Pulaski, Tennessee, at trial and on appeal, for appellant, Alan Parrigan.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Mike Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

On March 2, 2000, the victim in this case, eight-year-old N.B.[1], along with his thirteen-year-old brother and his mother traveled to the South Central Prison Facility to visit the appellant. During the visit N.B. sat on the appellant's lap with his mother and brother sitting opposite them at the same table. According to N.B., the appellant unzipped the appellant's pants, pulled out his penis and put N.B.'s hand on the penis. Two prison personnel witnessed this incident and immediately intervened. A third employee of the prison noticed the appellant's unzipped pants when the appellant was brought into a search area following the incident.

The appellant denied any improper behavior. He maintained that the prison employees mistook a belt buckle shaped in the image of a cobra head for the appellant's penis. According to the appellant, N.B. was fascinated by the belt buckle and liked to touch it. N.B.'s brother testified that he did not notice what the appellant did. N.B.'s mother, who apparently often brought the appellant drugs during prison visits, stated that she did not see any molestation, but admitted she was completely "strung out" on drugs on the day of the visit. Two other inmates at the prison testified that the appellant was wearing the cobra buckle on the day of the visit, and one of the inmates testified that he did not notice any molestation.

Lesser-Included Offenses

The appellant contends that the trial court erred in failing to instruct the jury with respect to the lesser-included offenses of child abuse and neglect. The trial judge did however instruct the jury with respect to the lesser-included offense of simple assault. It is clear that child abuse and neglect and Class B misdemeanor assault are lesser-included offenses of any sexual offense if the victim is a child. Tenn. Code Ann. § 39-15-401(d); State v. Elkins, M2000-01680-SC-R11-CD, 2002 Tenn. LEXIS 374, at *14-*15 (Tenn. 2002); State v. Swindle, 30 S.W.3d 289, 293 (Tenn. 2000). Therefore the only remaining questions are whether the evidence warrants the trial judge giving an instruction on these lesser-included offenses, and, if the answer to this question is yes, if the error is harmless beyond a reasonable doubt.

With regard to the first question, we must view evidence presented at trial liberally in the light most favorable to the existence of the lesser-included offenses, without making any judgments on the credibility of such evidence. Having done so, we conclude that an instruction on child abuse and neglect was warranted in this case because the evidence, viewed in this light, is legally sufficient to support a conviction of child abuse and neglect. See, Elkins, supra. It is true, as the State suggests, that there is no proof of actual injury to N.B., nor is there any proof that N.B.'s health or welfare was actually effected by the appellant's actions. However, in State v. Swindle, discussed supra, our state supreme court faced a factual scenario very similar to the case at bar. In Swindle the

---

[1] It is the policy of this Court to identify under-age victims of sexual abuse by initials only.

defendant was convicted inter alia of aggravated sexual battery for placing her nine-year-old daughter's hand on the defendant's boyfriend's penis on one occasion and for placing her daughter's hand on the daughter's own genitals while moving the hand up and down at another time. Swindle, 30 S.W.3d at 290. Although there was no evidence of any actual injury to the young girl's body, health or welfare, the supreme court found that "a jury could have found that the defendant's conduct amounted to child abuse or neglect." Id. at 293 n.4. Thus, in view of Swindle, we find that a jury could have found that the appellant's actions amounted to child abuse and neglect and it was therefore error to fail to give such an instruction to the jury.

Next we must address the question of whether the error in failing to instruct the jury on the lesser-included offenses of child abuse and neglect requires a reversal of this case or whether the error was harmless beyond a reasonable doubt. State v. Allen, 69 S.W.3d 181, 189 (Tenn. 2002); State v. Ely, 48 S.W.3d 710, 727 (Tenn. 2001). "In making this determination a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Allen, 69 S.W.3d at 191.

In the instant case the appellant completely denied any improper conduct, claiming rather that the entire incident was a mistake. Although the appellant denied any wrongdoing, the victim recounted his molestation and two prison employees testified that they witnessed the appellant molest N.B. A third prison employee saw that the appellant's pants were unzipped immediately following the incident. The defense witnesses could at most testify only that they had noticed nothing improper, but each conceded that the appellant could have committed the acts alleged against him without drawing the witness' attention. The jurors convicted the appellant of aggravated sexual battery and rejected the lesser offense of simple assault upon which they were instructed. Because of the defense theory and the strength of the State's case, we find that the failure to instruct the jury on the lesser-included offenses of child abuse and neglect was harmless beyond a reasonable doubt. Therefore, this issue affords the appellant no basis for relief.

Sufficiency of the Evidence

The appellant next argues that the evidence is insufficient to support the verdict of aggravated sexual battery. He alleges that there is no proof that placing N.B.'s hand on his penis was for the purpose of sexual arousal or gratification, as required by Tennessee Code Annotated section 39-13-501(6).

In reviewing claims that the evidence is insufficient to support the verdict, an appellate court must keep in mind certain well-established principles. A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal the State is given "the strongest legitimate view of the evidence" and all reasonable inferences flowing therefrom. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt on appeal. State

v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). An appellant has the burden of overcoming this presumption.

Although there is testimony in the record from the appellant and his wife that holding N.B. on the appellant's lap was done to disguise a drug transfer to the appellant from N.B's mother, there is also proof from the victim and two other eyewitnesses that the appellant moved N.B.'s hand in such a manner as to manipulate or fondle his penis. Similar behavior has been held sufficient to establish that the touching was for the purpose of sexual arousal or gratification. See, e.g., Swindle, 30 S.W.3d at 293. We find that there is sufficient evidence for a jury to conclude that the appellant's actions were done for the purpose of sexual arousal or gratification. This issue is without merit.

Consecutive Sentencing

Finally, the appellant maintains that the trial court failed to make any findings on the record that would justify running the ten year sentence in the instant case consecutively to the sentence that the appellant was serving at the time of the commission of the instant offense. It is true, as the State concedes, that the trial court failed to make any findings as to any criteria listed in Tennessee Code Annotated section 40-35-115 for the imposition of consecutive sentences. Nevertheless, the proof before this Court is clear that the appellant has a record of criminal activity that is extensive and justifies the imposition of consecutive sentencing pursuant to Tennessee Code Annotated section 40-35-115(b)(2).

The presentence report in the record reflects that the appellant has several drug-related convictions spanning an eleven year period from 1987 to 1998. He admitted to having his wife deliver drugs to him while he was incarcerated. He was serving a sentence for a felony drug offense when the instant offense was committed. Finally, he was convicted in 1999 for possession of a weapon by a convicted felon. The propriety of consecutive sentences is apparent in the record of this case. This issue is without merit.

Conclusion

In light of the foregoing, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE