STATE of Tennessee, Plaintiff-Appellee,

v.

Frederick G. LAMPKIN,
Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Aug. 3, 1981.

Dale Miller, Charles C. Burks and George E. Penn, II, Knoxville, for defendant-appellant; Jenkins & Jenkins, Knoxville, of counsel.

Kim A. Tollison, Asst. Dist. Atty., Knoxville, Kymberly Lynn Ann Hattaway, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

HARBISON, Chief Justice.

Appellant was indicted in a single count on a charge that he willfully, wantonly, maliciously and feloniously

" ... did shoot, fire and discharge a gun, calculated to produce death and great bodily harm, at and into an occupied dwelling, to wit: the residence of Mrs. Frank Nipper, which dwelling was then and there occupied by Phyllis A. Blevins and others to the Grand Jurors unknown."

This indictment charged a violation of T.C.A. § 39–613, conviction of which requires a penitentiary sentence.

At the conclusion of all of the evidence in the case, without objection on the part of counsel for either party, the trial judge, *sua sponte*, instructed the jury that they might find appellant guilty of what he termed a "lesser included offense" under T.C.A. 39–1203. The latter statute makes it a misdemeanor for one to throw or cast any missile, wantonly or maliciously, other than one calculated to produce death or great bodily harm "as provided in Section 39–613 ... "

■ On the face of the misdemeanor statute, it is clear that conduct falling within T.C.A. § 39–613 is excluded. It therefore seems to us that the two statutes are complementary of each other and are supplementary to one another. By the very definitions of the conduct proscribed by each, however, one does not include the other. The felony statute prohibits the shooting or throwing of any missile calculated to produce death or great bodily harm, while the misdemeanor statute proscribes throwing or casting a missile other than one calculated to produce such results.

■ In order to commit the greater of the two offenses proscribed by these statutes, the actor, by definition, could not commit the lesser. The elements of the two are different and, in this instance, are mutually exclusive. Therefore the trial judge erred in injecting into the case an instruction on an offense for which the accused was not indicted and which was not included within that for which the indictment had been returned. *See Howard v. State*, 578 S.W.2d 83 (Tenn.1979); *Wright v. State*, 549 S.W.2d 682 (Tenn.1977).

The jury in fact returned a conviction for the misdemeanor offense only. Implicitly at least, it acquitted the accused of the felony charge.

■ Under these circumstances, in our opinion, the accused has been convicted of an offense for which he was not indicted and which was in no way referred to or included in the indictment, with the result that the charges must be dismissed. *See McLean v. State*, 527 S.W.2d 76 (Tenn. 1975).

Appellant's conviction for violation of T.C.A. § 39–1203 is set aside and charges under the indictment found against him are dismissed at the cost of the State.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.