**STATE of Tennessee, Appellee,**

v.

**William H. ADAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 11, 1988.

A. Edward Pritchett, Tullahoma, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., Ken Shelton, Jr., Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right by William H. Adams from his Coffee County Circuit Court conviction for violating T.C.A. § 39–6–1102. Appellant was sentenced to serve 11 months, 29 days in the county jail. Numerous issues for appellate review are presented, including a challenge to the sufficiency of the indictment so as to sustain the appellant's conviction. The State agrees with appellant's contention that the indictment fails to allege an offense under the facts of this case.

In the case *sub judice*, the indictment alleges, in pertinent part, as follows:

[The defendant] did communicate to MARK SHEMPP by means of telephonic conversation as a result of a telephone call, remarks and threats manifestly intended to disturb and annoy the said MARK SHEMPP, and with the said communication reasonably expected to annoy, abuse, torment, threaten and harass the said MARK SHEMPP, in violation of T.C.A. 39–6–1102.

T.C.A. § 39–6–1102 provides, in pertinent part, as follows:

(a) It shall be unlawful for any person or persons to communicate to another or others within this state, by means of telephonic conversation, any lewd, obscene or lascivious remark, suggestion or proposal manifestly intended to embarrass, disturb or annoy the person to whom the said remark, suggestion or proposal is made.

(b) It shall also be unlawful for any person or persons to make use of telephone facilities or equipment:

(1) For an anonymous call or calls, whether or not a conversation ensues, if made or communicated in a manner reasonably to be expected to annoy, abuse, torment, threaten, harass or embarrass one or more persons; or

(2) For repeated calls, if such calls are not for a lawful purpose, but are made with intent to abuse, torment, threaten, harass or embarrass one or more persons.

It is apparent from a reading of the subject statute that the Legislature intended to prohibit an obscene telephone call or calls, a threatening telephone call or calls placed anonymously, and repeated, non-anonymous, threatening telephone calls. Quite simply, the statute does not prohibit the making of *one* threatening or harassing, non-anonymous telephone call, as here. See T.C.A. § 39–6–1102(b)(2).

Given the language of the statute in question, we cannot find that the alleged conduct of the appellant constitutes a crime under the strict provisions of T.C.A. § 39–6–1102(b)(2). The appellant's conviction for noncriminal conduct must be reversed and dismissed. *See State v. Lampkin,* 619 S.W.2d 520 (Tenn.1981).

Accordingly, the judgment of the trial court is reversed and dismissed.

BIRCH and WADE, JJ., concur.