IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2005

## MILTA D. BLANCHARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-28149     Joseph B. Dailey, Judge**

_____

**No. W2004-01801-CCA-R3-HC  - Filed May 13, 2005**

_____

The petitioner, Milta D. Blanchard, appeals the Shelby County Criminal Court's denial of *habeas corpus* relief and claims that his 1992 conviction of reckless endangerment is void because the charging instrument did not charge the offense of reckless endangerment. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Lorna McClusky, Memphis, Tennessee (at trial); and William D. Massey, Memphis, Tennessee (on appeal), for the Appellant, Milta D. Blanchard.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jamie Kaplan, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record reveals that the petitioner was charged with aggravated assault by using a pistol to cause the victim's fear of imminent bodily injury. *See* Tenn. Code Ann. § 39-13-102 (2003). Pursuant to his 1992 written plea agreement, the petitioner pleaded guilty to reckless endangerment, a Class E felony, and was sentenced to a Range I term of two years in the county workhouse. In 2004, the petitioner filed a petition for *habeas corpus* relief, in which he asserted that the conviction offense was not charged in the indictment.

The *habeas corpus* court conducted a hearing on the state's motion to dismiss the petition. During the hearing, counsel for the petitioner and the state informed the court that the petitioner was awaiting sentencing on both state and federal convictions. Counsel for the petitioner acknowledged that she represented the petitioner on the federal matters. The petitioner had

apparently long since completed service of the two-year sentence imposed in the challenged conviction. Following the hearing, the court concluded that, as of the time of the offense in 1991 and the resulting conviction in 1992, reckless endangerment was considered a lesser included offense of aggravated assault. Based upon this determination, the court dismissed the petition.

The legal issues raised in a habeas corpus proceeding are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review de novo."); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo* ).

Habeas corpus relief is available only when the aggrieved party's conviction is void because the convicting court lacked jurisdiction to impose the judgment or when the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case has apparently long since completed his sentence pursuant to the challenged judgment and is no longer incarcerated pursuant to that judgment. Thus, he claims that his conviction judgment is void on the ground that the conviction court lacked jurisdiction to enter the judgment.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App.1994). "'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."; *Anglin*, 575 S.W.2d at 287; *see Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

"When there is a trial on a single charge of a felony, there is also a trial on all lesser included offenses, 'as the facts may be.'" *State v. Willie D. Graham*, No.03C01-9707-CC-00314, slip op. at 19 (Tenn. Crim. App., May 7,1998) (quoting *Strader v. State*, 210 Tenn. 669, 362 S.W.2d 224, 227 (Tenn.1962)). When an individual is accused of a crime, however, the state must give the accused adequate notice of the charged offense by specifying it in the indictment. *See State v. Trusty*, 919 S.W.2d 305, 309 (Tenn.1996) (citing Tenn. Const. Art. I, § 9), *overruled on other grounds by State v. Dominy*, 6 S.W.3d 472, 477 (Tenn. 1999). A defendant cannot be legally convicted of an offense that is not charged in the indictment or that is not a lesser included offense embraced in the indicted charge. *State v. Lampkin*, 619 S.W.2d 520 (Tenn. 1981); *McLean v. State*, 527 S.W.2d 76 (Tenn. 1975); *State v. Morris*, 788 S.W.2d 820 (Tenn. Crim. App.1990)).

In the present case, the parties below debated whether reckless endangerment was a lesser included offense of aggravated assault in 1992. We hold, however, that an issue nearer the threshold of a *habeas corpus* proceeding disposes of the present case. Specifically, we hold that the petitioner is neither imprisoned nor restrained of his liberty as a direct consequence of the challenged judgment, and therefore, he is ineligible for *habeas corpus* relief.

Article I, section 15 of the Tennessee Constitution establishes the right to seek *habeas corpus* relief in Tennessee, but the procedures governing *habeas corpus* petitions are codified in

Tennessee Code Annotated sections 29-21-101 through -130.  Tennessee Code Annotated section 29-21-101 provides that "[a]ny person *imprisoned or restrained of liberty*, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint."  Tenn. Code Ann. § 29-21-101 (2003) (emphasis added).  "The ordinary meaning of the term 'imprisoned' is clear[; it] refers to actual physical confinement or detention," *Hickman v. State,* 153 S.W.3d 16, 22 (Tenn. 2004), but the meaning of "restrained of liberty" for *habeas corpus* purposes is less obvious.

Although one need not be in physical confinement to be restrained of one's liberty for purposes of *habeas corpus*, *id.,* "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief," *id.* at 23.  In *Hickman*, our supreme court held

> that a person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement.  Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

*Id.*

This holding in *Hickman* disposes of the present petitioner's claim to *habeas corpus* relief.  He does not allege that he remains imprisoned or is restrained of his liberty pursuant to the challenged judgment.  *See id.* at 24.  Based upon the record of the hearing on the petition, the petitioner apparently seeks to avoid the 1992 judgment as a means of diminishing his punishment liability in ongoing – but unrelated – criminal proceedings.  This is precisely the type of collateral consequence of the challenged judgment that *Hickman* deemed unworthy of a *habeas corpus* remedy.

Accordingly, the dismissal of the petitioner is affirmed.

 

_____

JAMES CURWOOD WITT, JR., JUDGE