IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville January 24, 2006

## WAYFORD DEMONBREUN, JR. v. RICKY BELL, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-B-1131     Cheryl Blackburn, Judge**

_____

**No. M2005-01741-CCA-R3-HC - Filed January 26, 2006**

_____

The petitioner, Wayford Demonbreun, Jr., appeals the trial court's dismissal of his petition for habeas corpus relief. In this appeal, he alleges that his judgment of conviction for aggravated assault is void because the indictment was defective in that it failed to inform him of the essential elements of the offense for which he was convicted. The judgment of the trial court is reversed. The conviction at issue is vacated, habeas corpus relief is warranted as to that offense, and the cause is remanded for appropriate remedial action. Because the petitioner is also imprisoned for second degree murder, he is not entitled to release by virtue of this opinion.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Wayford Demonbreun, Jr., pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Senior Counsel; and Brett Gunn, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

In 1994, the petitioner was indicted for first degree murder and attempted first degree murder. After two mistrials, he was convicted in 1997 of second degree murder and aggravated assault. The trial court imposed Range I sentences of twenty-one years for the second degree murder and four years for the aggravated assault. The sentences were ordered to be served consecutively. This court affirmed the convictions and sentences on direct appeal. State v. Wayford Demonbreun, Jr., No. M1998-00239-CCA-WRM-PC (Tenn. Crim. App., at Nashville, Mar. 3, 2000), perm. app. denied (Tenn. Sept. 25, 2000). The petitioner then filed an unsuccessful petition for post-conviction relief. This court affirmed the denial of relief. Wayford Demonbreun, Jr. v. State, No. M2002-02195-CCA-R3-PC (Tenn. Crim. App., at Nashville, Nov. 7, 2003), perm. app. denied (Tenn. Mar. 8, 2004). The petitioner subsequently filed an unsuccessful habeas corpus petition, arguing that he was denied a

hearing on a motion for new trial and insisting that he had been improperly sentenced. This court affirmed on appeal. Wayford Demonbreun, Jr. v. State, No. M2004-03037-CCA-R3-HC (Tenn. Crim. App., at Nashville, June 30, 2005), perm. app. denied (Tenn. Oct. 31, 2005).

On March 18, 2005, the petitioner filed this petition for writ of habeas corpus, alleging that his conviction was void because the indictment was defective. The petitioner specifically asserts that count two of the indictment, which charged him with attempted first degree murder, was invalid as to the conviction for aggravated assault because it did not provide him with proper notice of the charge for which he was convicted. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997). It is his position that aggravated assault is not a lesser included offense of attempted first degree murder and that an indictment is effective only as to the charged offense and any lesser included crimes. See Tenn. R. Crim. P. 31; Strader v. State, 362 S.W.2d 227 (Tenn. 1962).

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than one hundred years. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003).

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2), (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time, including in a habeas corpus petition, if the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The essential functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991) (citing State v. Pearce, 7 Tenn. (Peck) 65, 67 (1823); State v. Haynes, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986)).

Article I, section 14 of the Tennessee Constitution provides that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." Tenn. Const. art. I, § 14. Article I, section 9 of the Tennessee Constitution guarantees that "in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof." Tenn. Const. art. I, § 9. Regarding the necessary content of an indictment, Tennessee Code Annotated section 40-13-202 provides as follows:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202 (1997).

Here, Count 2 of the indictment provides as follows:

THE GRAND JURORS of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that:
WAYFORD DEMONBREUN, JR.
on the 3rd day of November, 1993, in Davidson County, Tennessee and before the finding of this indictment, did attempt to intentionally, deliberately, and with premeditation, kill Rhonda Williamson, in violation of Tennessee Code Annotated § 39-12-101, and against the peace and dignity of the State of Tennessee.

The language of the indictment follows the language of Tennessee Code Annotated sections 39-13-202 and 39-12-101 (1993) and includes the necessary elements of the offense of attempted first degree murder. At trial, however, the petitioner was convicted of aggravated assault. "[B]ecause an indictment for an offense encompasses, by implication, all lesser included offenses," State v. Elizabeth Davis, No. E1999-00373-CCA-R3-CD (Tenn. Crim. App., at Knoxville, September 9, 2000) (citing Strader, 362 S.W.2d at 227), and only those offenses, the issue is whether aggravated assault was a lesser included offense of attempted first degree murder at the time judgment was entered.

The petitioner contends that the proper approach to determine whether aggravated assault was a lesser included offense of attempted first degree murder is found in State v. Trusty, 919 S.W.2d 305 (Tenn. 1996). The state submits that because the defendant was indicted prior to the filing of Trusty, the definition of what offenses were lesser included ones of the principal charge is the "statutory elements approach" set forth in Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979). The state further argues that our supreme court in State v. Burns, 6 S.W.3d 453, 467 (Tenn. 1999), clarified that part (a) of the analysis set forth in that case to determine lesser included offenses was "a statutory elements approach consistent with Howard." 6 S.W.3d at 467. The state concludes, therefore, that the manner of determining whether the aggravated assault in this case was a lesser included offense of attempted first degree murder would be through the Burns test.

Although this case was tried in 1997, the decision in Burns has been consistently applied to cases within the appellate pipeline at the time of filing. See, e.g., State v. Stokes, 24 S.W.3d 303 (Tenn. 2000); State v. Jumbo Kuri, No. M1999-00638 CCA-R3-CD (Tenn. Crim. App., at Nashville, May 25, 2000). A case is within the appellate pipeline when it is pending at the time of the decision and fairly raises the issue. See State v. McClintock, 732 S.W.2d 268, 274 (Tenn. 1987); Adams v. State, 547 S.W.2d 553, 555-57 (Tenn. 1977). The petitioner's direct appeal was pending at the time Burns was decided, but that appeal did not challenge the sufficiency of the indictment. See State v. Wayford Demonbreun, Jr., No. M1998-00239-CCA-WRM-PC, slip op. at 2 (Tenn. Crim. App., at Nashville, Mar. 3, 2000). Because the sufficiency of the indictment issue was not presented in the direct appeal, it does not qualify as falling within the Burns appellate pipeline.

The petitioner was indicted by the grand jury in April of 1994, when the standard set forth in Howard governed the determination of lesser included offenses. In Howard, our supreme court held that "an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser." 578 S.W.2d at 85. Under the rule in Howard, this court expressed "serious doubts about aggravated assault being a lesser included offense to the attempt to commit first degree murder." State v. Edwin Jesperson, No. 03C01-9206-CR-00212, slip op. at 18 (Tenn. Crim. App., at Knoxville, Aug. 11, 1993); see also State v. Jesse Castro Adams, No. 1339, slip op. at 7 (Tenn. Crim. App., at Knoxville, July 16, 1992) (holding that aggravated assault was not a lesser included offense of attempted first degree murder). But cf. State v. Jimmie Lee Demoss, No. 02C01-9406-CC-00127, slip op. at 5 (Tenn. Crim. App., at Jackson, April 26, 1995) (concluding that although

the defendant was indicted for attempted first degree murder but convicted of aggravated assault, the defendant could not prevail primarily because the defendant requested the trial court to instruct the jury on aggravated assault[1]).

Later, in Burns, our supreme court adopted a modified version of the Model Penal Code in order to determine what constitutes a lesser included offense:

> An offense is a lesser included offense if:
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
> (1) a different mental state indicating a lesser kind of culpability; and/or
> (2) a less serious harm or risk of harm to the same person, property or public interest; or
> (c) it consists of
> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in part (a) or (b); or
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Burns, 6 S.W.3d at 466-67. Our high court observed that "[p]art (a) of this test defines lesser-included offense using a statutory elements approach consistent with Howard." Id. at 467. In several cases since the filing of Burns, this court has held that aggravated assault is not a lesser included offense of attempted first degree murder. See, e.g., State v. Renne Efren Arellano, No. M2002-00380-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., at Nashville, Feb. 26, 2003), rev'd on other grounds, State v. Yoreck, 133 S.W.3d 606 (Tenn. 2004); State v. Christopher Todd Brown, No. M1999-00691-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., at Nashville, Mar. 9, 2000).

The state has relied on State v. Paul Graham Manning, No. M2002-00547-CCA-R3-CD (Tenn. Crim. App., at Nashville, Feb. 14, 2003), wherein this court found aggravated assault to be a lesser included offense of first degree murder. In that case, Manning shot and killed the victim. It is distinguishable, however, because the indictment in this case was not for murder but, instead, for attempted first degree murder. Attempted first degree murder is the attempt to kill another when the defendant acts intentionally and with premeditation and deliberation. See Tenn. Code Ann. §§

---

[1]This court has held that a defendant's request for a jury instruction on an erroneous lesser included offense will be deemed as an amendment to the indictment. State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998) (citing State v. Ealy, 959 S.W.2d 605 (Tenn. Crim. App. 1997); State v. Robert W. Bentley, No. 02C01-9601-CR-00038 (Tenn. Crim. App., at Jackson, Oct. 17, 1996)); see also Jimmie Lee Demoss, slip op. at 4 ("The defendant may not invite error and then prevail on appeal on the alleged error.") (citing T.R.A.P. 36(a)). The state does not contend that at trial the petitioner requested a jury instruction on aggravated assault.

39-12-101; 39-13-202(a)(1) (1993). Assault requires bodily injury, fear of bodily injury, or offensive physical contact, none of which are essential to an attempt to murder. See Tenn. Code Ann. § 39-13-101(a) (1993). Aggravated assault is an assault accompanied by serious bodily injury or use of a deadly weapon. Tenn. Code Ann. § 39-13-102(a) (1993). Thus, neither assault nor aggravated assault meet part (a) of the Burns test. See Christopher Todd Brown, slip op. at 3-4.

The petitioner was not convicted until 1997, after our supreme court in Trusty expanded the definition of lesser included offenses to include lesser "grades" or "classes" of offenses. See Burns, 6 S.W.3d at 464. Even under this expanded definition, our high court held in Trusty that aggravated assault was not a lesser included offense of attempted first degree murder. 919 S.W.2d at 312; see also State v. Marcus Anthony Robinson, No. 03C01-9512-CR-00410, slip op. at 3 (Tenn. Crim. App., at Knoxville, July 15, 1997) (reversing and dismissing the defendant's conviction for aggravated assault arising from his indictment for attempted first degree murder).

In summary, the petitioner was not indicted for the crime of aggravated assault. Aggravated assault was not a lesser included offense of attempted first degree murder under either the Howard or Trusty tests. "A defendant cannot be legally convicted of an offense which is not charged in the indictment or which is not a lesser included offense of the indicted charge." Marcus Anthony Robinson, slip op. at 3-4 (citing State v. Lampkin, 619 S.W.2d 520 (Tenn. 1981)). The petitioner's judgment of conviction for aggravated assault is, therefore, void on its face because the trial court lacked the authority to render a judgment for that offense. See State v. Michael Davenport, No. 03C01-9704-CR-00159 (Tenn. Crim. App., at Knoxville, Apr. 2, 1998); Sam John Passerella v. State, No. 01-C-01-9402-CR-00035 (Tenn. Crim. App., at Nashville, July 28, 1994).

Accordingly, the judgment of the trial court's dismissal of the petitioner's habeas corpus petition is reversed. The conviction for aggravated assault is vacated and the cause is remanded for appropriate remedial action.

_____
GARY R. WADE, PRESIDING JUDGE